Mr. Justice Robb
delivered the opinion of the Court:
We are constrained to hold that the above provisions in the policy relating to the health of the insured at the date of the policy and her prior freedom from certain diseases, standing alone, amounted to conditions precedent, and hence that the company could at any time escape liability by showing that the insured was not in good health at the date of the policy, or that she had previously suffered from the proscribed diseases. Moulor v. American L. Ins. Co. 111 U. S. 335, 341, 28 L. ed. 447, 449, 4 Sup. Ct. Rep. 466. The statement in the policy that the application upon which it was written “omits the warranty usually contained in applications” is well calculated to mislead the people who purchase this form of insurance, especially as no other provision in the policy contains the word “warranty;” but be that as it may, we are unable to perceive any ambiguity in the provisions upon which the company here relies. We are of the opinion, however, that the so-called incontestable clause constitutes a partial waiver of those provisions. After two years from the date of the policy, it is incontestable, except for fraud, the provision in the incontestable clause relating to misstatement of age being inconsistent with and controlled by the other provision in reference to the same subject. The policy was therefore in force from its date and voidable for two years upon any of the grounds reserved therein, but not thereafter, except for fraud. Mutual Reserve Fund Life Asso. v. Austin, 6 L.R.A.(N.S.) 1064, 73 C. C. A. 498, 142 Fed. 398. In that case there was a provision in the policy that it should not be in force unless the insured was in good health when it was delivered. It appearing that he was not in good health at that time, the company contended that the policy was never in force, and hence that the so-called incontestable-clause never took effect. The court, however, ruled that the< incontestable clause was inconsistent with such a contention, and. that the policy was in force from the day of delivery and payment of the first premium, but voidable before the expiration of the time mentioned in the incontestable clause.
*246 But we think the court erred in not submitting the' case to the jury. The so-called proofs of death were prima facie evidence against the plaintiff (Griffith v. Metropolitan L. Ins. Co. 36 App. D. C. 8). We do not wish to be understood, however, as holding that, under the guise of requiring proofs of death, an insurance company may compel a claimant to procure and introduce in evidence proofs of health. Such a ruling would in effect shift the burden of proof, and be as unreasonable as it would be unjust. In this case the claimant agreed that the proof introduced should be considered as part of the proofs of death, and, in the circumstances, is bound by them to the extent of their disclosures, except, of course, as those disclosures were subsequently modified or explained by oral testimony.
Taking into consideration the testimony of the physicians regarding the extreme difficulty of detecting tuberculosis' in its incipieney; their testimony as to the condition of the insured at the date of the policy; that they were not sure she had tuberculosis until late in 1909, many months after the issnance of the policy; the testimony of one physician as to the acute form of the disease; the testimony of the agent who procured the policy, and who had the best of opportunity to observe the insured ; and the testimony of the brother, we think it a question about which honest minds might easily differ, whether, up to the time of the date of the policy, the insured was afflicted with tuberculosis; in other words, whether or not she was then free from disease, and “in sound health” within the meaning of the policy.
Judgment reversed, with costs, and cause remanded for a new trial. Reversed and remanded.