The complainant issued its monthly premium policy of insurance, dated August 6th, 1928, on the life of Martin Connallon, wherein the defendant, William A. Connallon, is named as beneficiary. The insured died June 23d 1929, and the complainant by its bill filed August 2d 1929, seeks a decree that the policy never took effect, because at its date *Page 252 
the insured was not in sound health and that the policy was obtained through fraudulent representations made by the insured as to his condition of health and freedom from certain diseases and prays a restraint against the beneficiary from bringing suit on the policy and for surrender of the policy for cancellation.
The complainant contends that the insured was not in sound health at the date of the policy and therefore the policy did not take effect, and it bases its contention on a clause in the policy which reads: "This policy shall not take effect if on the date hereof the insured be not in sound health."
In a case involving a policy containing a similar provision, our court of errors and appeals held that the sound health of the insured at the date of the policy was a condition precedent to the liability of the insurer and not being complied with, the policy had no legal effect. Levandoski v. Equitable, c.,Society, 103 N.J. Law 643. The policy contract here under consideration contains another provision which was not considered in the Levandoski Case and which should be read in connection with the sound health clause. It is as follows: "This policy shall be incontestable after one year from its date of issue, except for non-payment of premium." The complainant argues that this provision cannot be given effect for two reasons: First, if the policy did not take effect, it was ab initio void and no provision thereof could become operative; second, the death of the insured within one year from the date of the policy suspended the operation of the incontestability provision.
The substance of the complainant's first contention is that the incontestability clause was intended to be conditional, that is, conditional upon the policy taking effect. Under such construction the clause is deceptive, meaningless and ineffectual to the insured because although it purports to state that the policy shall be incontestable for any reason after one year, it shall nevertheless be contestable at any time on the ground here urged. If the policy is to be regarded as never in force so as to permit the insurer to show that the insured was not in sound health at its date, although the insured's death may *Page 253 
not occur until many years after the policy date, then an incontestability clause is of but little value and is a deceptive inducement to an insured to accept it. I think the sound health clause here in question must be read with the incontestability clause and that the two, taken together, must be construed to mean that if within one year after the complainant issued its policy, it discovered that the insured was not in sound health at its date, the contract could be rescinded, but that when one year had elapsed the policy would be considered in force and incontestable for any reason, except non-payment of premium.Drews v. Metropolitan, c., Co., 79 N.J. Law 398; Wright v.M.B.L. Association, 118 N.Y. 237; Webster v. Columbian, c.,Co., 116 N.Y. Supp. 404; affirmed, 196 N.Y. 523; Chinery v.Metropolitan, c., Co., 182 N.Y. Supp. 555; Mutual, c.,Association v. Austin, 142 Fed. Rep. 398; Commercial, c., Co.
v. McGinnis, 50 Ind. App. 630; Monahan v. Fidelity, c., Co.,242 Ill. 488; Dibble v. Reliance, c., Co., 170 Cal. 199;Healy v. Metropolitan, c., Co., 37 D.C. App. 240; Mohr v.Prudential Insurance Co. (R.I.), 78 Atl. Rep. 554.
The complainant's second reason is that by the incontestability clause the complainant agreed to make no defense against the policy after one year, provided the policy remained in force for that period; that the death of the insured within the period terminated the policy as a risk and converted it into an obligation to pay. An incontestability clause is for the benefit of the beneficiary as well as the insured and it cannot be taken to mean that the policy will become incontestable only in case the insured shall live one year. It makes the policy incontestable for any reason not excepted, whether the insured lives or dies within the period therein mentioned. Mutual, c.,Co. v. Hurni Packing Co., 263 U.S. 167; Feierman v. Eureka,c., Co., 279 Pa. 507.
This brings us to the consideration of the question whether the complainant has contested the policy within one year from its date of issue. The defendant has brought no action thereon and this suit is the only proceeding by way of contest of the policy. The policy is dated August 6th, 1928, and *Page 254 
the bill of complaint was filed August 2d 1929, so that on the face of this proceeding, the complainant is not barred by the incontestability clause, but the defendant contends that there is a distinction to be made between the date of the policy and its date of issue and that the policy was in effect issued at a time prior to its date.
The defendant testified that on June 11th, 1928, the complainant's agent who solicited the insurance for which the policy was issued, showed him an application for insurance bearing the signature of the insured and that the defendant thereupon paid the agent the first monthly premium and received the agent's receipt therefor, which receipt the defendant produced and put in evidence. The receipt is a printed form used by the complainant and bears date June 11th, 1928. It contains the following provision:
"It is understood that if this payment is equal to the full first monthly premium on said policy * * * the insurance shall take effect from the date of the application, in accordance with the provisions of the policy applied for, provided said application is approved and accepted * * * and provided the life proposed was in sound health on the date of the application."
The defendant further testified that before he received the policy (which was delivered to him and not to the insured), he paid another monthly premium and he produced and put in evidence an ordinary slip of paper purporting to be an agent's receipt for such payment, dated July 16th, 1928. When the policy was delivered to the beneficiary he received with it a premium receipt book, in which were entered the two payments of June and July, 1928. No form of application for the insurance was produced other than an original application produced by the complainant, signed by the insured. Attached to it is the agent's certificate under date of July 23d 1928, certifying to the applicant's signature and to the payment of a monthly premium in advance. The application contains the following provision:
"It is understood and agreed * * * that if at the time of signing this application the full first premium is paid, the insurance shall take effect from the date of this application in accordance with the *Page 255 
provisions of the policy hereby applied for, provided life proposed is in sound health on the date of this application and provided this application is approved and accepted at the home office."
The complainant says that it was on this application that its policy dated August 6th, 1928, was issued; its premium receipt book also shows a premium payment under the policy date and payments monthly thereafter.
The date of a policy does not necessarily determine its "date of issue." The incontestability clause as written by the complainant apparently recognizes a distinction, because it is not stated to run from the date of the policy but from the date the policy was issued. The insurer and the insured may agree that a policy shall issue, that is, become effective, as of an earlier or later date than the day it is signed by its officers. Here the complainant agreed that upon payment of the first full premium, the insurance should take effect from a date earlier than the date given to the policy, namely, the date of the application, provided the application was accepted. The premium was paid, the risk was accepted and the policy was delivered and to ascertain the true date of issue, the policy must be read with the application. Thus the complainant made the date of the application the point of time when the policy became effective and that is the date from which the year began during which the policy was contestable. I find it unnecessary to determine whether an application for this insurance was actually made June 11th, 1928, as evidenced by the premium receipt of that date, or whether, if so made, it was accepted and the policy issued thereon, because if the policy was not issued on that application, it was issued on the application dated July 23d 1928. The incontestability clause began to run from one of those dates and if it ran from the later one, nevertheless the complainant cannot be heard on its bill filed August 2d 1929, to contest its policy. Jefferson, c., Co. v. Wilson,260 Fed. Rep. 593; Schwartz v. Northern, c., Co., 25 Fed. Rep. (2ded.) 555; Mutual, c., Co. v. Hurni Packing Co., supra;Monahan v. Fidelity, c., Co., supra; Anderson v. Mutual,c., Co., 164 Cal. 712; Meridian, c., Co. v. Milam, 172 Ky. 75. *Page 256 
In the application of July 23d 1928, the insured represented that his condition of health was good; that he had never been seriously sick; that he had never suffered from certain named diseases, including consumption; that he had not been attended by a physician during the past three years and that within three years he had not received treatment at a dispensary or hospital. In the application the insured declared that his application should become part of the contract of insurance applied for, provided a copy of the application should be attached to the policy. This form of policy is one issued by the complainant without medical examination.
The evidence satisfies me that the insured was not in sound health either at the date of the application or at the date of the policy and that the above-mentioned statements made by him in his application were knowingly false. He died from pulmonary tuberculosis about one year after making the application.
But the insured's false statements cannot avail the complainant in this contest of the policy because of the provisions of the incontestability clause and for the further reason that a copy of the application was not annexed to the policy. The failure of the complainant to attach such copy to the policy prevents it from using its contents against the beneficiary's claim, although the beneficiary may use the application to establish the date of issue of the policy, because the complainant's neglect cannot prejudice the beneficiary's rights.
P.L. 1925 p. 436, provides that policies of life insurance shall contain certain provisions, among which is a provision (section 4) that the policy shall contain the entire contract between the parties and that nothing shall be incorporated therein by reference to any application unless it is endorsed upon or attached to the policy. In compliance with the statutory requirement this policy contains the following clause:
"This policy contains and constitutes the entire contract between the parties hereto and all statements made by the insured shall in the absence of fraud be deemed representations and not warranties and no statement shall avoid the policy or be used as a defense to a *Page 257 
claim thereunder unless it be contained in the application for the policy and unless a copy of such application be endorsed upon or attached to the policy when issued."
An assistant superintendent for the complainant testified that he received the original policy from the home office and that a copy of the insured's application was attached thereto by clips punched through the policy and through the copy of the application and that he handed the policy to an agent to deliver. The agent was not produced as a witness and the defendant beneficiary testified that the policy was delivered to him by said agent and has been in his possession ever since and that a copy of the application was not attached thereto and did not accompany it.
The policy is a printed form consisting of two sheets and the two sides of each sheet contain the contract provisions. A copy of the application is not endorsed thereon and neither sheet bears evidence that anything was attached thereto either by adhesion or by clips punched through a sheet. Some small pin holes appear in the sheets, but I cannot think that such an important paper as the copy of the application would have been loosely fastened to the policy by a pin, and in view of the testimony of the complainant's assistant superintendent that the method of fastening was by clips punched through the policy, and considering the beneficiary's testimony, I must find as a fact that a copy of the application was not attached to the policy.
The policy does not incorporate the application by reference and it must therefore be assumed, as against the complainant, that the policy alone expresses the contract between the parties (American, c., Co. v. Day, 39 N.J. Law 89); indeed, the quoted clause of the policy so declares. In the absence of statutory provision or contrary agreement between the parties, fraudulent statements by the insured which induced the issuance of the policy, would void it, but the complainant by its contract has gone beyond the statutory requirement and has agreed that, failing to endorse on or attach to the policy a copy of the application, no statement in the application "shall avoid the policy or be used as a *Page 258 
defense to a claim thereunder." The complainant is therefore estopped from pleading in defense of an action on the policy, the falsity of any statement in the application, and it cannot use parol evidence to show that the insured made false statements therein. Manhattan Life Insurance Co. v. Albro,127 Fed. Rep. 281; Lenox v. Greenwich Insurance Co., 165 Pa. 575; Cooley'sBriefs on Insurance (2d ed.) 1091, 1092, and cases cited therein.
The bill of complaint will be dismissed.