BETTY SHAPIRO, complainant-respondent,

*v.*

METROPOLITAN LIFE INSURANCE COMPANY, a corporation, defendant-appellant.

[Argued May 17th, 1933.   Decided September 27th, 1933.]

*Messrs. Perkins, Drewen & Nugent,* for the appellant,

*Messrs. Seclow & Nessanbaum,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

On May 1st, 1930, appellant issued a policy of insurance upon the life of respondent's father, Barney Laden. The insured died on April 20th, 1931. Tumor of the *media terminus* was the cause of. death. The policy provided that it should be incontestable after it had been in force for a period of two years from the date of issue. Respondent's bill alleged that insured, prior to his death, requested appellant, in the manner provided by the policy, to designate her as the beneficiary thereunder, and prayed that appellant be decreed to endorse the requested change of beneficiary on the policy, and pay the amount thereof to her. Appellant counter-claimed, alleging that the policy was "fraudulently obtained," in that false statements and representations relative to material matters were made by the insured "with intent to deceive" appellant, and praying a rescission of the contract and a surrender of the policy for cancellation.

The false statements specified were (a) that he was in good health; (b) that he had never been sick; (c) that he was without any physical defect or infirmity; (d) that he had never had asthma, bronchitis or tumor, and (e) that he had never been attended by any physician in the preceding period of five years.

The learned vice-chancellor concluded that the insured, in making the statements and representations claimed to be false, did not have an intent to deceive, and that they were therefore not "fraudulent" within the meaning of the policy provisions required by chapter 179 of the laws of 1925 (*P. L. 1925 p. 436*), stipulating, *inter alia,* that "all statements purported to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

Appellant insists that these representations were untrue in fact, and related to matters material to the risk assumed, and that even though made without conscious fraud, it was entitled to a rescission in equity. Passing the question as to the obligation resting upon appellant, under the issue framed,

to prove moral or conscious fraud (*Metropolitan Life Insurance Co.* v. *Sussman, 109 N. J. Eq. 582*), we have reached the conclusion that false representations, in the particulars indicated, were not made by the insured. The proofs did not tend to establish the falsity of the representation that he had not been attended by a physician in the preceding period of five years. He had not been "attended" by a physician within the meaning of that term as employed in the policy. In the event of an affirmative answer, the insured was required to state "how long sick." By subsequent questions, he was asked if he had had any treatment within that period at any dispensary, hospital or sanatorium, and how much time he had lost from work through illness.

The insured's consultations with his physician related to a coughing affection. The first occurred on May 11th, 1929, when the physician called at his home to visit a patient who resided there. Thereafter he called at the physician's office on three or four occasions. The physician testified that his diagnosis was asthmatic bronchitis. He did not, however, inform the insured that this was his conclusion; and it is clearly inferable from his testimony that he was unable to find a pathological basis for the condition in question. He agreed that the coughing was caused by the tumor which resulted in death, but obviously this was a subsequently formed opinion, based upon the discovery of this malignant growth during his last illness. He was concededly unaware until then of the existence of the tumor. He apparently regarded the condition as trivial, and merely advised the insured to cease smoking. The proofs do not show that he prescribed medicine or administered treatment in any form. Appellant's medical examiner observed the condition that moved the insured to consult his physician. He answered thus the query as to whether there was any disease or impairment of the respiratory system: "Sounds louder over upper bronchial tubes; slight throat cough once in a while; wheezing due to smoking." He refused to classify the insured as a first class risk because he was an "excessive smoker." Appellant's underwriter withheld approval of the application, and an examina-

tion by another physician was ordered. Upon his report the application was approved. These examinations resulted, apparently, in the disclosure of the same symptoms found by the insured's physician, and a like diagnosis. There was, in these circumstances, no false representation by the insured. *Cf. Clayton* v. *General, &c., Assurance Corp., 104 N. J. Law 364; Anders* v. *Supreme Lodge, Knights of Honor, 51 N. J. Law 175; Brunjes* v. *Metropolitan Life Insurance Co., 83 N. J. Law 296; Metropolitan Life Insurance Co.* v. *McTague, 49 N. J. Law 587; 37 C. J. 464; 14 R. C. L. 1068.*

The questions relating to the state of insured's health, and his affliction during the specified period with any of the named diseases, necessarily were directed to insured's knowledge only. They sought to probe the insured's mind, and if he answered truthfully to the full extent of his knowledge, there was, necessarily, no false representation. The questions called only for the facts within the insured's knowledge, and his *bona fide* belief and opinion. Even in the case of warranties, the rule adopted by this court is that, with respect to questions as to matters that the insurer must know are not within the personal knowledge of the applicant, and with respect to those that call, not for definite statements of fact. but for statements of belief or opinion, the letter of the contract is to be controlled by its spirit and purpose, and the answers will be deemed warranties only of the *bona fide* belief and opinion of the applicant. *Henn* v. *Metropolitan Life Insurance Co., 67 N. J. Law 310; Dimick* v. *Metropolitan Life Insurance Co., 69 N. J. Law 384, 393; Gilroy* v. *Supreme Court, Independent Order of Foresters, 75 N. J. Law 584, 588; Anders* v. *Supreme Lodge, Knights of Honor, supra.* It is essential only that the applicant, in making the statement that he was in good health, had reason to, and did, believe that that was the state of his health. *Smith* v. *Prudential Insurance Co., 83 N. J. Law 719.* As was said by Chief-Justice Beasley, in *Anders* v. *Supreme Lodge, Knights of Honor, supra,* the insured did not warrant "the absolute truth of his answers, but only their truth to the extent of his knowledge." If the question is ambiguous, the doubt must

be resolved against the insurer in determining whether or not the answer is false. *Clayton* v. *General, &c., Assurance Corp., supra; Anders* v. *Supreme Lodge, Knights of Honor, supra.*

For the reasons herein stated, the decree will be affirmed. Decree affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.