The bill is filed by the complainant life insurance company against the defendant, for the rescission, surrender and cancellation of a policy of insurance issued upon the life of defendant — upon the ground of fraudulent and material misrepresentation by defendant in the procurement of the policy.
The policy was issued June 1st, 1930; it lapsed January 1st, 1931, for failure of defendant to pay quarterly premium due December 1st, 1930; it was reinstated by the complainant January 28th, 1931, on receipt of the premium in arrears plus interest, plus a certificate by defendant that he was in good health. *Page 492 
Defendant contended by his answer that equity has no jurisdiction of this suit. Such contention is untenable.Commercial Casualty Insurance Co. v. Southern Surety Co.,100 N.J. Eq. 92; 135 Atl. Rep. 511; affirmed, 101 N.J. Eq. 738;138 Atl. Rep. 919. This was doubtless realized by defendant for no mention of the point was made either in the oral argument or brief. The contention will be deemed abandoned.
The allegations as to the fraudulent misrepresentations are two-fold — first, as to the original issuance of the policy; second, as to the reinstatement after lapse.
On the first ground the bill cannot be maintained. The policy contained a clause providing that "this policy shall be incontestable after one year from the date of issue, except for non-payment of premium." That year expired June 1st, 1931 — the present bill was not filed until November 3d 1931. There is no evidence or intimation of the commencement of any such litigation within the one year limitation period; or of any other litigation than the present bill (assuming that such evidence would be material).
The reinstatement of the policy was not the issuance of a new policy nor the reissuance of the original policy. It was the waiver of the lapse of the original policy, and the reinstatement of that policy in full force and effect according to its terms —all its terms. One of those terms is the incontestability clause. No contest can be made therefore on the original policy itself, either for non-payment of premium (for that was expressly waived by the reinstatement), nor for any fraudulent misrepresentations — if any such were made — in the original procurement of the policy.
Fraudulent misrepresentation in the procurement of a reinstatement of a policy after lapse, stands on a different footing. The seeking of rescission and cancellation of the contract of reinstatement is a contest of the contract of reinstatement, not a contest of the original policy. The contract of reinstatement is a separate and distinct contract from the original policy contract. It consists, on the one hand, of the promise and agreement by the company that the lapse or default *Page 493 
in payment of premium shall be waived and that the original policy contract shall be restored to full force and effect; and, on the other hand — as the consideration for that promise and agreement by the company — of the payment of the defaulted premium plus interest.
Neither the original policy contract nor the contract of reinstatement contains any provision limiting attack upon the contract of reinstatement to one year — or to any other term. Such attack may be made on the ground of fraudulent misrepresentation in the procurement of the reinstatement, notwithstanding the expiration of the limitation period of the incontestability clause of the original contract. Alper v. NewYork Life Insurance Co., 41 Fed. Rep. 2d 956. There seems to be some authority for the view that such attack must be made within the same time after the date of the reinstatement as is limited in the original policy for contest of that policy. The soundness of such view seems at least questionable. There is no limitation provision in the reinstatement contract; there is no requirement in the statute for such limitation provision in the reinstatement contract, and the statute, being in derogation of the common law must be strictly construed. Assuming, however — but not deciding — that such a limitation is to be implied, it is of no materiality in the instant case, inasmuch as the present bill was filed less than a year after the date of the contract of reinstatement.
On the second ground, therefore, complainant is entitled to the relief sought, if the allegations as to fraudulent and material misrepresentations are duly proven.
The representation in question on this phase of the case is the following statement, made and signed by defendant on January 23d 1931, as a part of the certificate of good health given by him to the company in order to procure the reinstatement of the policy:
"I am now in good health and have not been sick nor attended by a physician since December 1st, 1930."
The materiality of this representation, and the reliance thereon by the company, are duly proven, and not controverted. It is further proven, and not denied — indeed admitted *Page 494 
— that at the time it was made defendant was in fact suffering from a serious disease of the nervous system known as multiple sclerosis, which within five months thereafter resulted in practical total disability of defendant. The policy contract provided for monthly payments to defendant in the event of his being totally disabled; and defendant made claim upon the company for payment accordingly.
The certificate of health above referred to contains the following provision:
"This certificatee shall become a part of my policy, and should any of the statements herein be false or untrue, then the reinstatement of said policy shall be null and void."
Under the law of this state the defendant, in making the statement that he was then in good health, did not warrant the absolute truth of this statement but only its truth to the extent of his knowledge. The test is whether he had reason to believe, and did in fact believe, that that was the state of his health.Smith v. Prudential Insurance Co., 83 N.J. Law 719;85 Atl. Rep. 190; Shapiro v. Metropolitan Life Insurance Co., 114 N.J. Eq. 378; 168 Atl. Rep. 637.
Consideration of the evidence in the case leads to the conclusion and Kaul could not have failed to be aware, on January 23d 1931, that he was not then in good health, and that he was then sick and had been sick during December, 1930, and January, 1931.
 Complainant is entitled to decree, with costs. *Page 495