**Ressler v. Metropolitan Life Insurance Company**

Before McCann, P. J., McKenrick and Griffith, JJ.
*Robert B. Bender*, for plaintiff.
*Weimer, Bennett & Jones*, for defendant.

GRIFFITH, J., July 20, 1948.—The complaint was filed by the mother of the deceased insured, Freda M. Ressler, and alleges that on January 4, 1944, the insured applied for a $1,000 20-year life insurance policy, and on January 5, 1944, paid defendant the first monthly premium of $3.10 so that when the application was finally approved the insurance would be in force from the date of the receipt of the first payment. Plaintiff further avers that the application was approved and the policy issued, and that upon the insured's application dated June 7, 1945, it was changed to an endowment policy at age 85, and that the insured died October 21, 1946, and defendant insurance company has refused to pay in accordance with the terms of the policy.

Defendant's answer sets forth that the date of the application was not January 4, 1944, but January 4, 1945, and that the initial payment was paid on January 5, 1945, instead of January 5, 1944, and that this error in the year was corrected by application amendment signed by the insured and attached to the policy of life insurance, a copy of which appears in plaintiff's complaint and shows the application date to be January 4, 1945.

Under new matter defendant sets up the affirmative defense that statements made by the insured in the application, which were material to the risk, were false and fraudulent, and thereby avoided the policy.

Plaintiff filed a reply to defendant's new matter, and defendant, believing that the answers contained in plaintiff's reply were insufficient to prevent judgment, moved for judgment on the pleadings in accordance with Pa. R. C. P. 1034.

Plaintiff contends that the policy of insurance being in effect from January 4, 1944, was incontestable since the death of the insured did not occur until October 21, 1946, or more than two years after the alleged effective date. The policy provides as follows: "This Policy

shall be incontestable after it has been in force during the lifetime of the Insured for a period of two years from its date of issue. . . ."

Plaintiff's contention cannot prevail for two reasons:

1. The date of issue was not January 4, 1944, even though the application was signed on that date, but March 1, 1945, the date appearing in the testimonium clause of the policy itself, which reads as follows: "In Witness Whereof the Metropolitan Life Insurance Company has caused this policy to be executed this 1st day of March, 1945, which is the date of issue of this Policy." It is true that the policy was in force from the date of the application on account of the payment of the first month's premium, but the incontestability clause refers specifically to the testimonium clause in the policy, which recites March 1, 1945, as the date of issue.

Obviously there is intended to be a distinction between the date of issue and the date of the commencement of liability under the policy due to the payment of the insurance premium at the time of the application. In Potts v. Metropolitan Life Insurance Co., 133 Pa. Superior Ct. 397, the policy contained a similar provision, and the court said (p. 401):

"The contract in suit provides on the face thereof: 'In Witness Whereof, the Metropolitan Life Insurance Company has caused this policy to be executed on the date of issue stated in the schedule.' By the very wording of the above clause, it is clearly indicated that the Company contemplated that the policy would be and actually was executed on a different date than its effective date; the effective date being referred to as the date of issue stated in the schedule and not the date of actual execution or delivery. . . . Companies issuing insurance policies, as in other contracts, have the right to fix in the policy the date of its beginning, and this date, as indicated, may be prior to, at the time of, or subsequent to its delivery."

In a similar case, Prudential Insurance Company of America v. Connallon, 154 Atl. 729 (N. J.), the court said:

"It is the policy alone, and not the application, that specifically fixes the time limitation as to contest of the policy. It could have been declared in the policy that the time limitation of contest should run from any reasonable date fixed therein; and it was specifically declared therein that it (the policy) shall be incontestable after one year from its (the policy's) date of issue, not one year after the making or date of the application."

Therefore, the date of issue of the policy under consideration is the date set forth in the testimonium clause, which is March 1, 1945, and since the insured died October 21, 1946, or less than two years from the date of issue, the policy is contestable.

2. There is another reason we must find the policy is contestable, and that is because it appears from the pleadings that the date of the application was not January 4, 1944, but January 4, 1945. The application amendment attached as an exhibit to plaintiff's complaint shows that the insured under her own signature agreed that the policy was applied for not on January 4, 1944, but on January 4, 1945. In view of the fact that the incontestability clause in the policy provides that it shall be incontestable after it has been in force "during the lifetime of the insured" for a period of two years, the fact that the insured died during the two-year period renders the policy contestable. It is true that the death of the insured during the period of contestability does not always affect the running of the period of contestability, but in the policy we are now considering it is specifically provided that the policy shall be incontestable only if it has been in force for two years "during the lifetime of the insured". This exact language was so construed in Carpentieri,

Admx., v. Metropolitan Life Insurance Co., 138 Pa. Superior Ct. 1.

The policy being contestable, we may therefore consider defendant's contention that the policy has been avoided by reason of false and fraudulent statements material to the risk made by the insured in the application, and that defendant's allegations under new matter in respect to these statements have been insufficiently denied in plaintiff's reply.

Since the Act of May 21, 1937, P. L. 774, 40 PS §512a, the statements must be deemed to be representations and not warranties, and the test of plaintiff's right to recover is the good faith of the insured in making them. However, in order to show that the statements were falsely made, it is sufficient for defendant to show that they were false in fact and that the insured knew they were false when they were made. Moreover, admissions in the pleadings may establish the facts and avoid the policy without the intervention of a jury: Evans v. Penn Mutual Life Insurance Co., 322 Pa. 547.

In the case of Reeder v. Metropolitan Life Insurance Co., 340 Pa. 503, the court said, page 506:

"While it is generally for the jury to determine the question as to the truth or falsity of the answers in the application, nevertheless where, as here, the admissions contained in the pleadings establish facts warranting the avoidance of the policy, the court may enter judgment without the intervention of a jury."

Under new matter defendant alleged that the insured in her application for insurance was asked whether she had ever been an inmate of a hospital and replied that she had not, in spite of the fact that she had been an inmate of the Conemaugh Valley Memorial Hospital from July 22, 1930, to August 15, 1930, at which time she was receiving treatment for chorea. Plaintiff's reply to this averment is a denial that said

answer was made by the insured or that any false answer was made by her.

From plaintiff's complaint it appears that the insured certified that she had read the answers appearing above her signature on the application, that they had been correctly written, and that they were full, true and complete. Since there is no allegation by plaintiff that there was any bad faith on part of the company or any of its agents, she cannot now say that the insured did not know that the answers in the application were false.

In Prevete v. Metropolitan Life Insurance Co., 343 Pa. 365, 368, 369, the court said:

"Then, in view of insured's unqualified certification that he had read these false answers before signing the application, that they were correctly written as given by him, and that they were true and complete, how can it be said that he did not know the answers were false and did not deliberately intend to deceive the company? In such a situation the necessary and inevitable conclusion is that insured did not act in good faith when he signed the application, and the policy should have been avoided without the intervention of a jury. His beneficiary should not have been heard to say that insured gave other answers than those set forth in the application. To permit such a thing would be to open wide the door to fraud."

Since there is no denial in the pleadings that the insured was an inmate of the Conemaugh Valley Memorial Hospital, we must, therefore, find that her answer was falsely made.

Likewise in the eighth paragraph of defendant's new matter it is averred that the insured stated in her application that she had never been told that she had heart trouble and that as a matter of fact she had been informed by her physician, Dr. E. E. Raymond, of Johnstown, Pa., that she had heart trouble. Plaintiff's reply to this allegation was merely a denial that the

insured knowingly made any false or fraudulent answer to this question. Since plaintiff failed to deny that Dr. Raymond had told the insured that she had heart trouble, we must find from the pleadings that insured made a false and fraudulent answer to this question.

The tenth paragraph of defendant's new matter alleges that the insured in her application stated that she had no illnesses or occupational diseases, and that as a matter of fact she had had chorea and was suffering from heart trouble at the date of her application.

The ninth paragraph avers that she stated that she never had heart disease, when as a matter of fact she was suffering from this disease. To these allegations plaintiff merely denied that the insured falsely answered the questions, but did not deny that the insured suffered from the illnesses alleged by defendant.

Under the circumstances the insured must have been aware of the falsity of her answers. At least she must have been aware that she had been told by her physician that she had heart disease and she must have been aware that she had been an inmate of a hospital.

In Indovina v. Metropolitan Life Insurance Co., 334 Pa. 167, the court said (p. 171) :

"From the present record there can be no doubt that the false representations were fraudulent. Fraud is established if it appears that the representations were false in fact and that the insured knew they were false when he made them, or that the circumstances were such that the insured must have been aware of their falsity. . . . Here plaintiff admits in the pleadings that the insured had been in the hospital for over two months for treatment of a severe anemia. Under such circumstances it is obvious that the insured being bound by the negative answers to the questions relating to prior medical attention must have known that they were false."

That these statements were material to the risk, see Derr et al. v. Mutual Life Insurance Co., 351 Pa. 554, and Baxter v. New York Life Insurance Co., 115 Pa. Superior Ct. 287, where the court said, page 293: "A representation that one had not consulted a physician was a matter material to the risk"; and in Indovina v. Metropolitan Life Insurance Co., supra.

We are satisfied that the policy is void due to the false and fraudulent representations made by the insured in the written application for insurance which is attached to plaintiff's complaint, and therefore, enter the following

*Decree*

And now, July 20, 1948, after argument and upon due consideration, it is hereby ordered and decreed that the prothonotary enter judgment on the pleadings in favor of defendant and against plaintiff.