## Lawler *v.* Home Life Insurance Company of America, Appellant.

*Insurance—Life insurance—Incontestability of policy—Fraud—Public policy.*

1. A provision in a policy of life insurance that the policy "shall be incontestable except for nonpayment of premiums, after one year from its date," is reasonable, proper and not against public policy; and it will be enforced after the period of limitation, although the insured may have misrepresented to the company the facts as to his use of intoxicating liquor.

*Insurance—Life insurance—Insurable interest—Brother and sister.*

2. A sister has an insurable interest in the life of her brother upon the ground of relationship alone.

Argued Oct. 8, 1914. Appeal, No. 33, Oct. T., 1914, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1912, No. 3,167, on verdict for plaintiff in case of Mary Lawler v. Home Life Insurance Company of America. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit upon a policy of life insurance.

At the trial the defendant made the following offer:

Counsel for defendant offers to prove by the witness on the stand that she was present when the application was made for the policy in suit; that she knew that the

insured had other insurance, and that she knew that he was addicted to the excessive use of intoxicating liquors; and that the answers in this application made by him were false and untrue; that she also knew that her brother was admitted to the alcoholic ward of the Philadelphia hospital on January 23, 1911, and also to the same hospital in August of the same year, and also to the same hospital in April of 1912, and he died from the effects of acute alcoholism and delirium tremens on April 16, 1912.   Objection.

The Court: I will sustain the objection and give an exception to the defendant. [1]

The court refused binding instructions for defendant. [7]

Verdict and judgment for plaintiff for $1,100.   Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions, and (7) refusal of binding instructions for defendant.

*Charles J. Sharkey,* for appellant.—The incontestable clause in the policy of life insurance does not prevent the insurance company from showing that the policy was fraudulently obtained by the beneficiary: Brady v. Prudential Ins. Co., 5 Luzerne Leg. Reg. 505; New York Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591; Coppell v. Hall, 7 Wall. 542; Bromley v. Washington Life Ins. Co., 92 S. W. Rep. 17.

A sister, in no way dependent upon, or a creditor of her brother, has not an insurable interest in his life based upon ties of blood alone: Mullen v. Union Cent. Life Ins. Co., 182 Pa. 150; Phillips' Est., 238 Pa. 423; Life Ins. Clearing Co. v. O'Neill, 106 Fed. Repr. 800.

In all the cases cited as sustaining insurable interest there will be found some dependence, some pecuniary interest, or something more than the mere kinship of brother and sister.

*Herman Muller,* for appellee.—The defense that a policy was obtained by fraud or false statements of the assured cannot be made in an action on a policy containing an incontestable clause, unless such a defense is expressly excepted from the operation of such clause by the terms of the policy: Wright v. Mut. B. L. Ins. Co., 118 N. Y. 237; Brady v. Prudential Ins. Co., 168 Pa. 645; Central Trust Co. v. Fidelity Mut. Life Ins. Co., 45 Pa. Superior Ct. 313; Murray v. State Mut. Life Ins. Co., 22 R. I. 524.

It is the contention of the appellee that the defense of lack of insurable interest is precluded by the incontestability clause, since the effect of such a clause in an insurance policy is in the nature of a statute of limitation: Wright v. Mut. Benefit Life Assn. of America, 118 N. Y. 237.

In the case at bar, however, the appellee contends that, as the sister of the insured, she has an insurable interest, and therefore the incontestable clause is available: Phillips' Est., 238 Pa. 423.

OPINION BY HENDERSON, J., April 19, 1915:

This action is based on a policy of insurance issued on the life of Michael Lawler in which the plaintiff, a sister of the insured, is named as beneficiary. The policy contains the following provision: "This policy constitutes the entire contract between the parties and shall be incontestable except for nonpayment of premiums, after one year from its date." The policy was dated March 15, 1911, and the insured died April 16, 1912. The appellant complains of the action of the court below for two reasons: first, that evidence was rejected by which the defendant proposed to show that the insured misrepresented the facts as to his use of intoxicating liquor; that the plaintiff knew that her brother was admitted to an alcoholic ward of the Philadelphia hospital on January 23, 1911, in August of the same year and in April, 1912, and that he died from the

effects of acute alcoholism on April 16, 1912; second, that the court refused to give binding instructions for the defendant because the plaintiff had not an insurable interest in her brother's life. It is not disputed that more than a year had elapsed after the delivery of the policy when the insured died. The incontestable clause was in force therefore and is to be applied according to its terms if it is to be given effect at all. The purpose of this provision is not doubtful. Whatever its effect might be if it related to the date of the execution of the policy the evident intention in fixing a time at a considerable period after the policy went into operation was to give the insurer an opportunity to investigate the honesty of the insured in making his application and his truthfulness and good faith with reference to the statements therein contained. The insurer thus saved to itself an opportunity to inquire whether the contract should be continued or whether by reason of the untruthful representations of the insured it should be canceled. The agreement that the contract should be unimpeached after the lapse of a year may be assumed to have been an inducement to the taking out of the policy. To the insured the meaning of the language of the clause would be that if the company failed to discover any fraudulent conduct on the part of the insured within the time limited it would bind itself to make no defense on that account after the period reserved for such investigation. This gave the insured and the beneficiary protection against possible litigation after a long period had elapsed and when evidence on the disputed questions might not be within reach of the person for whose benefit the policy was issued. The provision is not a contract to condone fraud nor against public policy as tending to encourage dishonesty. It has the effect rather of a statute of limitations affecting the right of the company to introduce a defense. Abundant time is allowed the insurer to make inquiry and discover any misrepresen-

tation bearing on the liability of the company and if within the period named an inquiry is not made or material facts are not developed it is reasonable that the insurer be held to the terms of the contract. The condition was not absolute from the beginning to waive all defenses but an agreement not to defend after a reasonable period fixed in the contract. Such a condition in a policy was held good in Wright v. Mut. Ben. Life Assn. of America, 118 N. Y. 237, and in Regan v. Union Mut. L. Ins. Co., 189 Mass. 555. To the same effect is Brady v. Prudential Ins. Co., 168 Pa. 645, in which case the policy provided that the contract should be incontestable after three years. It was there held that the right of the representative of the insured to recover might be contested for fraudulent representations as to age, state of health and general physical conditions which turned out to be untrue but that such objections must be made within the time limited by the policy; that if the insured lived for three years and paid all the money due from him in the meantime the statements made in the application are to be taken to be true and no longer contestable. In such a case the policy is held to be a good and valid contract binding on the company according to its terms. That such a contract is reasonable and proper and not against public policy was decided in Cen. Trust Co. v. Fidelity, etc., Co., 45 Pa. Superior Ct. 313. When an action is brought on such a policy after the period reserved by the insurer the plaintiff is not to be thrown out of court on an inquiry with respect to statements on which it was based, but the insurer is to be held to performance according to its terms.

As to the second ground of defense it was held in Wright v. Mut. Ben. Life Assn., supra, that the incontestable clause in the policy precluded the defendant from showing that the plaintiff had no insurable interest in the life of the insured, but it is unnecessary to discuss that feature of the case for the weight of

authority is with the plaintiff on the main question. It was said in Aetna Life Ins. Co. v. France, 94 U. S. 561, that a sister has an insurable interest in the life of her brother upon the ground of relationship alone and that a brother had a right to take out a policy on his own life for his sister's benefit 'and that she had a right to advance him the necessary means so to do. Such a policy is not a wager policy because the brother and sister are influenced by the natural affection existing between near kindred. In Phillips' Est., 238 Pa. 423, it was held that "the affection naturally to be regarded as prevailing between brothers and sisters and the well-grounded expectation that in case of need they will render each other pecuniary aid is considered sufficient to support an insurable interest;" and numerous cases are therein cited in support of the principle. In the light of the authorities and the reasonable principles involved in the case the learned trial judge properly rejected the evidence offered and the request from the defendant for binding instructions.

The judgment is affirmed.