# Feierman *v.* Eureka Life Insurance Co., Appellant.

*Insurance — Life insurance — Incontestability clause — Death within two years' limit—Disavowing liability.*

1. Where a policy of life insurance provides that the policy "shall be incontestable after two years from the date of issue," and the insured dies within the two years, but proofs of death are not furnished until after the expiration of the two years, the insurance company cannot, in a suit on the policy, set up for the first time alleged material misrepresentations made by the insured when the policy was issued.

2. In such case the incontestability stipulation survives the death and continues in unbroken force until it expires by its own limitation, two years from the date of the issue.

3. The insurer must at least disavow liability within the contestable period, to be relieved—not necessarily by legal action, but by some definite step, specifying the ground of complaint, in such form as to effect a cancellation of the contract.

Argued January 16, 1924. Appeal, No. 110, Jan. T., 1924, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 3897, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Sarah Feierman v. Eureka Life Insurance Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of life insurance.

Rule for judgment for want of sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*George Gowen Parry,* with him *Albert B. Maris* and *Thomas Raeburn White,* for appellant.—The death of the insured fixed the rights of the parties: Brady v. Life Ins. Co., 168 Pa. 645; Lawler v. Ins. Co., 59 Pa. Superior Ct. 409; Jefferson Standard Life Ins. Co. v. McIntyre, 285 Fed. 570.

*Adolph Eichholz,* for appellee.—Under the wording of the policy in suit the insurer was bound to at least disavow its liability within the contestability period: Central Trust Co. v. Ins. Co., 45 Pa. Superior Ct. 313; Ramsey v. Ins. Co., 297 Ill. 592; Hardy v. Phœnix, 104 S. E. 166; Plotner v. Ins. Co., 183 N. W. 1000; Reliance Life Ins. Co. v. Thayer, 203 Pac. 190; Monahan v. Ins. Co., 283 Ill. 136.

OPINION BY MR. JUSTICE KEPHART, February 25, 1924:

The policy of insurance on which suit was brought contained a clause, "This policy......shall be incontestable after two years from its date of issue except for nonpayment of premiums." The insured died within two years from its date of issue, but proof of death was filed thereafter. Defendant refused to pay the insurance on the ground that the insured had made material representations relative to his risk that were false. In answer to the interrogatory whether he had been refused insurance by another company, he replied he had not, when the fact was three or four companies had refused him insurance. The company did nothing until proof of death was filed and this suit begun. We now have the question whether death fixes all rights of the parties under the policy.

The great weight of authority supports the position that the insurer must at least disavow liability within the contestable period to be relieved,—not necessarily by legal action, but some definite step, specifying the

ground of complaint, in such form as to effect a cancellation of the contract. The clause means precisely what its language states: the policy will not be challenged, opposed or litigated, and is indisputable after two years. During this period, the company may contest it for any sufficient reason. The incontestable clause is for the benefit of the insurer, in that it induces people to insure in the company, and requires no act of the insured to put it in motion or aid in the discovery of facts on which it may fasten to the insurer's benefit. Therefore insured's death within the time does not stop investigation or relieve of the duty to investigate false representations or other fraudulent circumstances on which the policy is based. The knowledge that false representations have been made must be ascertained within the two years, and, in the same time, the company, by some act, must rescind, cancel or notify the insured or the beneficiary that it will no longer be bound by the policy.

While it is true a cause of action arises at the death of the insured, the terms of the policy are not changed; and, though payment of the insurance money is the result of death, and payment of premium ceases, the incontestable stipulation is not affected; it survives and continues in unbroken force until it expires by its own limitation, two years from the date of issue. The insurer is not placed at any disadvantage; its position is not in the slightest degree affected. It is in precisely the same position as if the insured had lived during the two years. Had the policy read, two years from the date thereof, "provided the insured does not die within the two years," a different question would be presented.

While the point has not been directly decided in this State, it was considered by President Judge RICE in Central Trust Co. v. Fidelity Mutual Life Ins. Co., 45 Pa. Superior Ct. 313, 317: "Its purpose is not to preclude inquiry into the truthfulness or good faith of the statements made in the application, but to fix a time within which such inquiry shall be made. This is unquestion-

ably a matter concerning which the parties may contract, and such contracts have been upheld as reasonable and proper, and not against public policy. The principle involved is thus expressed in Wright v. Mutual Benefit Life Association of America, 118 N. Y. 237, 6 L. R. A. 731: 'No doubt the defendant held it out as an inducement to insurance by removing the hesitation in the minds of many prudent men against paying ill-afforded premiums for a series of years; and, in the end, and after the payment of premiums, the death of the insured, and the loss of his and the testimony of others, the claimant, instead of receiving the promised insurance, is met by an expensive law suit to determine that the insurance which the deceased has been paying for through many years has not, and never had, an existence except in name. While fraud is obnoxious, and should justly vitiate all contracts, the courts should exercise care that fraud and imposition should not be successful in annulling an agreement to the effect that if cause be not found and charged within a reasonable and specific time establishing the invalidity of the contract of insurance, it should thereafter be treated as valid.' In Murray v. State Mutual Life Insurance Co., 22 R. I. 524, 53 L. R. A. 742, it was said that the insertion of such a provision in the policy is virtually saying to the insured, 'We will take two years in which to ascertain whether your representations are false or not, and whether you have been guilty of any fraud in obtaining the policy; and if, within that period, we cannot detect any such falsity or fraud, we will obligate ourselves to make no further inquiry, and make no defense on account of them.'" See also Lawler v. Home Life Insurance Co., 59 Pa. Superior Ct. 409. The following cases in other jurisdictions directly rule, as we have, the point under consideration: Ramsey v. Old Colony Life Insurance Co., 297 Ill. 592, 131 N. E. 108; Hardy v. Phœnix, 180 N. C. 180, 104 S. E. 166; Plotner v. Northwestern Nat. Life Ins. Co., 183

N. W. (N. D.) 1000; Reliance Life Ins. Co. v. Thayer, 203 Pac. (Okla.) 190.

The cases cited by appellant do not control. The difference in the language of the incontestable clauses distinguishes the cases. The court did not err in entering judgment for want of sufficient affidavit of defense.

Judgment affirmed.