## Acacia Mutual Life Association v. Smith et al.

*Schmidt, Keesey, Stair & Kurtz,* for plaintiff.

*Stewart & Gerber,* for defendant.

SHERWOOD, J., August 15, 1932.—On December 2, 1931, after the death of insured, plaintiff filed its bill in equity for the cancellation of a life insurance policy on the ground of fraud, in that the insured made false and untrue answers in his application for life insurance, and praying the court to enjoin the beneficiary from prosecuting any action at law upon said policy of life insurance. Plaintiff's bill did not allege that it was without an adequate remedy at law. On December 28, 1931, the beneficiary filed his answer questioning the jurisdiction of the court and averring that plaintiff had a plain, full, complete and adequate remedy at law for the cause averred in its bill. Plaintiff did not amend its bill. The question of jurisdiction was not ordered upon the argument list for hearing, as required by rule 49 of the Equity Rules of the Supreme Court. Plaintiff gave notice to the defendant that unless an answer was filed a decree pro confesso would be entered against him. Under the threat of this notice defendant filed an answer. The beneficiary, on January 7, 1932, instituted an action at law against the plaintiff to April Term, 1932, No. 11. On March 14th, before any hearing on the merits, defendant presented his petition asking this court to reinstate his answer raising questions of law and to hear argument thereon. The petition avers that his failure to comply with Equity Rule 49 was entirely the fault of his counsel and that his counsel's failure to have his answer placed on the argument list may deprive him of his constitutional right to a trial by jury. At the argument counsel for petitioner admitted that the fault was entirely his own, in that he had overlooked Equity Rule 49. The parties have agreed that in the event this court shall reinstate the answer

of the defendant raising a question of jurisdiction it shall decide the question without any further action by the parties to the suit.

In the case of Bank of Pittsburgh v. Purcell et ux., 286 Pa. 114, and cases there cited, defendant attempted to set up in its answer the question of jurisdiction by averring therein that plaintiff had an adequate legal remedy. Defendants, however, went to trial on the merits and took no steps to have that question decided in limine, as required by the Act of June 7, 1907, P. L. 440, and, therefore, the objection to the equity jurisdiction was waived and could not be interposed during or after the trial. The defendant was bound not only to raise the question of jurisdiction, but to insist upon its decision before trial. In the instant case defendant did attack the jurisdiction by answer filed as required by the Act of June 7, 1907, but through the failure of his counsel to set down the case for argument his rights were prejudiced. Before any hearing on the merits he has insisted upon reinstatement of his answer to the end that his rights may be protected. We feel that the matter of reinstatement of defendant's answer is within the discretion of the court and is in effect similar to a proceeding where a judgment has been entered by default due to a mistake or oversight of counsel: Fuel City Mfg Co. v. Waynesburg Products Corp., 268 Pa. 441. In the exercise of our discretion, we feel that the answer of the defendant raising the question of jurisdiction should be reinstated and that, in accordance with the agreement of the parties, the question of the equity jurisdiction should be decided.

The question for determination is whether or not a court of equity will, after the loss insured against has occurred, cancel a policy of insurance and enjoin proceedings at law thereon. While voluminous briefs have been filed by counsel on both sides, no Pennsylvania appellate court decision has been cited directly deciding this point. We have found none. The case of Oplinger v. New York Life Ins. Co., 253 Pa. 328, 332, holds that "after the death of the insured, the defendant company could not change the status of the beneficiary by an attempted rescission of the insurance contract." However, the matter has been decided in a number of jurisdictions in the United States. The overwhelming weight of authority sustains the rule laid down that a court of equity will not, after the loss insured against has occurred, cancel the policy of insurance and enjoin proceedings at law thereon, merely upon the ground that the policy was procured through the fraud of the insured, since such a defense is fully available at law: The Sailors v. Woelfle, 118 Tenn. 755, 12 L. R. A. (N. S.) 881, and cases cited in note thereto; Bankers Reserve Life Co. v. Omberson, 123 Minn. 285, 48 L. R. A. (N. S.) 265, and cases cited in note thereto. The turning point seems to be whether the suit to cancel has been brought before or after the loss has occurred and in determining whether equity will entertain jurisdiction, the general rule is that, where the action is brought after loss, jurisdiction will not be entertained unless some special circumstances call therefor: 6 Couch's Cyclopedia of Insurance Law, 5081, sec. 1435, and cases cited in note 12. Plaintiff contends that its bill alleges facts which clearly show that it had no legal remedy at the time it was filed and that these special circumstances arise by reason of the following clause in the policy contract which is set out in paragraph 7 of the bill: "Incontestability. This policy shall be incontestable after one year from date of issue except for nonpayment of premiums."

Plaintiff's position is that under this provision of the contract it must contest the validity of the contract, or any claim thereunder, within 1 year from the date of issue, and that the death of the insured during the period does not do away with the necessity for invoking a contest, citing Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U. S. 167, and Feierman v. Eureka Life

Ins. Co., 279 Pa. 507. The last mentioned case holds that where a policy of life insurance provides that the policy shall be incontestable after 2 years from the date of issue and the insured dies within the 2 years, but proofs of death are not furnished until after the expiration of the 2 years, the insurance company cannot, in a suit on the policy, set up for the first time alleged material misrepresentations made by the insured when the policy was issued. In such case the incontestable stipulation survives the death and continues in unbroken force until it expires by its own limitation, 2 years from the date of issue. The insurer must at least disavow liability within the contestable period, to be relieved—not necessarily by legal action, but by some definite step, specifying the ground of complaint, in such form as to effect a cancellation of the contract. The purpose of such a clause in the policy is not to preclude inquiry into the truthfulness or good faith of the statements made in the application, but to fix a time within which the inquiry shall be made. This is unquestionably a matter concerning which the parties may contract, and such contracts have been upheld as reasonable and proper and not against public policy. In effect such a provision says to the insured, we will take 2 years in which to ascertain whether your representations are false or not, and whether you have been guilty of any fraud in obtaining the policy; and if, within that period, we cannot detect any such falsity or fraud, we will obligate ourselves to make no further inquiry, and make no defense on account of them: Lawler v. Home Life Ins. Co. of America, 59 Pa. Superior Ct. 409; Central Trust Co. v. Fidelity Mutual Life Ins. Co., 45 Pa. Superior Ct. 313, and cases cited from other jurisdictions in Feierman v. Eureka Life Ins. Co., supra.

In the instant case the policy was delivered to the defendant in September; his death occurred in October; the bill in equity filed in December, and the action at law begun the following January. All within 3 months of insured's death. It, therefore, follows that the incontestability stipulation survived the death of the insured and has not expired by its own limitation. Ordinarily, a suit after death or loss, to cancel a policy, cannot be maintained by the insurer in the absence of some special circumstances of a nature to cause irreparable loss to it if a remedy in equity is denied, since otherwise its legal remedy by way of defense is adequate: 6 Couch's Cyclopedia of Insurance Law, 5083, sec. 1435, and cases cited under note 21.

Plaintiff's position, therefore, is that the insured's beneficiary can refrain from instituting an action at law until the expiration of the year, and as a result plaintiff would be precluded from setting up the defense of fraud; and that insured's beneficiary can discontinue the action brought after the filing of the bill in equity, wait until the year had expired and then bring a new action, thus precluding plaintiff in the equity suit from setting up the defense of fraud.

In the instant case an action at law has been started by the insured's beneficiary, this being done subsequent to the filing of the bill in equity by the plaintiff in this action. An examination of the decisions from other jurisdictions shows that they are not in harmony. Some uphold the rule contended for by the plaintiff, while others deny it. Most of the cases upholding the right to cancel are largely based on the insured beneficiary's absolute right to dismiss or discontinue the action at law begun within the period or where the beneficiary refuses to bring an action at law until the expiration of the period fixed by the policy, but in Pennsylvania there is no absolute right, either at common law or by statute, to discontinue an action. It is a privilege, the exercise of which must in some way have the express or implied sanction of the court and which the court may grant or refuse at its discretion. An application for leave to discontinue, and an application to strike off a discontinuance entered without prior leave, are alike

addressed to the discretion of the court: Beaver v. Slane, 271 Pa. 317; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329, and cases cited. It, therefore, follows that the plaintiff in the action at law cannot discontinue the action so started without the consent of the court, and in its discretion the court would refuse any application to discontinue due to the fact that the right of the plaintiff in the equity suit to set up fraud as a defense would be precluded. It is thus within the power of the court to protect the rights of the plaintiff in the equity action in order that it may set up the fraud alleged in insured's answers in the application; and in addition we can further protect the plaintiff in the equity action by suspending proceedings on the bill filed until the final determination of the action at law instituted by the defendant. There is a contest within the year. Plaintiff will be protected in its defense of fraud and defendant will not be deprived of the right of a trial by jury.

We feel that in the action at law as instituted to recover on the policy of insurance for the death of the insured plaintiff has a full, complete and adequate remedy at law. The obligation to pay as expressed in the policy upon the death of the insured becomes fixed and absolute, subject only to the condition to give notice and furnish proofs of death. The sum insured became a purely legal demand and it is difficult to see what remedy, more nearly perfect and complete, the plaintiff can have than is afforded it by its right to make defense at law: Phoenix Mutual Life Ins. Co. v. Bailey, [13 Wallace] 80 U. S. 616. Equity jurisdiction will not attach where there is a full, complete and adequate remedy at law, and this is the case even where fraud is alleged: Hyde v. Baker, 212 Pa. 224.

And now, to wit, August 15, 1932, it is ordered, adjudged and decreed that defendant's answer, filed December 28, 1931, raising questions of law, is reinstated, and it is further ordered, adjudged and decreed that all proceedings on the bill in equity be suspended until the final adjudication of the action at law instituted to April Term, 1923, No. 11, by Elijah Henry Smith against the plaintiff, Acacia Mutual Life Association, a corporation organized under the laws of the United States.                    From George Hay Kain, York, Pa.