Carpentieri, Admrx., Appellant, *v.* Metropolitan
Life Insurance Company.

Argued November 21, 1939.

Before
KELLER, P. J., CUNNINGHAM, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*B. Nathaniel Richter,* for appellant.

*Owen B. Rhoads,* with him *Dechert, Smith & Clark* and *Harry Cole Bates,* for appellee.

OPINION BY CUNNINGHAM, J., December 13, 1939:

The action below was assumpsit upon an industrial policy of life insurance, dated and issued by the defendant insurance company on December 21, 1936, in the amount of $368, upon the life of Humbert Carpentieri. As no beneficiary was named in the policy, suit was brought by his widow in her capacity as administratrix of his estate. She now appeals from an order of the court below discharging her rule for a summary judgment in the amount of the face of the policy for want of a sufficient affidavit of defense, and directing her to file a reply, upon the merits, to the new matter therein contained.

The question of law involved upon this appeal relates not so much to the mere sufficiency of the averments of the affidavit, i. e., whether the facts as averred would, if proven, constitute a valid defense, as to the broader question whether the insurance company is entitled, under the provisions of the policy and the state of the record, to defend upon any ground other than non-payment of premiums or misstatement of age. An examination of the record discloses that the question arose in the following manner:

The insured died May 19, 1937, approximately five

months after the policy issued. Neither a written application nor a medical examination was required by the company. In lieu thereof, it inserted a number of "Conditions" in the policy. The material portions of the one here applicable read: "If (1) the Insured is not alive or is not in sound health on the date of issue hereof; or, if (2) ...... has, within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint, or, before said date of issue, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such ....... medical attention or previous disease is specifically recited in the 'Space for Endorsements' on the fourth page in a waiver by the Company ......, then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy, except in the case of fraud, in which case all premiums will be forfeited to the Company."

No endorsements of any kind were entered in the "Space for Endorsements" on the fourth page.

On October 8, 1937, the company, upon the grounds hereinafter stated, declared the policy void, notified appellant thereof, and tendered return of the premiums which had been paid up to the date of the death of the insured; the tender was refused. It should be noted, in passing, that this procedure by the company did not amount to a "contest" of its liability under the policy. See *Prudential Ins. Co. v. Ptohides,* 122 Pa. Superior Ct. 469, 186 A. 386, where the matter is considered at length.

No further action was taken by either party until April 28, 1939, when the present suit was brought. The company, after making a formal tender, on June 10, 1939, of the premiums received, plus costs of suit, etc., filed its affidavit of defense on June 17, 1939.

In its affidavit the insurer admitted the issuing of the policy, the death of the insured, and payment of premiums up to that time, but, upon the grounds set forth under "New Matter," denied that the policy had ever been in force as a valid contract of insurance. The averment of the affidavit material to the present inquiry reads:

"Defendant avers that Humbert Carpentieri had been attended within two years prior to December 21, 1936, the date of issue of the said policy of insurance, by a physician or physicians for a number of serious diseases or complaints, that during said period of time the said Humbert Carpentieri suffered from diseases of the heart, liver or kidneys,—more specifically, that he suffered from hypertensive cardiovascular disease, chronic epidermis anaphaltis with paralysis synerone, progressive thrombosis cerebral with hemipousis, that he received medical treatment and attention for such diseases and that, in addition, the said Humbert Carpentieri was a patient in and had been treated at the Philadelphia General Hospital for a period of more than fifty-three weeks from April 18, 1935, to April 27, 1936, with a diagnosis of hypertensive cardiovascular disease and Parkinsonism."

The reply of the appellant to the new matter in the affidavit was in the nature of a statutory demurrer, to the effect that as a matter of law the defenses therein raised were not then available to the defendant. In connection with her reply, appellant took a rule upon the defendant to show cause why judgment should not be entered in her favor for want of a sufficient affidavit of defense. The ground assigned in support of the rule reads: "The said affidavit of defense is insufficient in that the defenses set forth therein are not available at the present time to the defendant because of the provisions of the incontestability clause of the policy."

The clause thus invoked by appellant follows: "In-

contestability. This Policy shall be incontestable after it has been in force, during the lifetime of the Insured, for a period of one year from its date of Issue, except for non-payment of premiums, but if the age of the Insured be misstated in the Schedule on the fourth page, the amount payable hereunder shall be such as the premium paid hereon would have purchased at the correct age."

It is not contended by the company that its notice of October 8, 1937, that it had declared the policy void, accompanied by a tender of premiums received, amounted to a contest of its liability within one year from the date of issue of the policy; its position is that, by reason of the death of the insured within that year, the incontestability provision upon which the appellant relies never became operative, and the company was therefore entitled to interpose its present defense whenever appellant saw fit to bring suit upon the policy.

The question of law thus raised does not seem to have been decided by either appellate court. There have been two cases in which the effect of the death of the insured, within the contestable period, has been considered—*Feierman v. Eureka Life Ins. Co.,* 279 Pa. 507, 124 A. 171, and *Cohen et al. v. Metropolitan Life Ins. Co.,* 112 Pa. Superior Ct. 314, 171 A. 106,—but the clauses there under consideration differed materially from the one involved in this case. In the Feierman case the clause read: "This policy ...... shall be incontestable after two years from its date of issue except for nonpayment of premiums," and in the Cohen case, "This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums, ......." The same is also true of the clauses in *National Life and Accident Ins. Co. v. Kessler,* 120 Pa. Superior Ct. 277, 182 A. 117, *Kessler v. National Life and Accident Ins. Co.,* 124 Pa. Superior Ct. 319, 188 A. 377, and

*Horwitz v. New York Life Ins. Co.,* 80 Fed. (2d) 295, cited by counsel for appellant.

The Feierman and Cohen cases were reviewed in *Prudential Ins. Co. v. Ptohides,* supra, and their effect was thus stated by this court at page 472: "It has been definitely decided in this state that, *unless otherwise specifically provided,* the death of the insured during the period of contestability does not affect either the running of that period or the obligation of the insurance company to act within the time specified, if it desires to contest its liability under the policy." (Italics supplied).

The purpose and effect of such clauses were fully discussed in the cases above cited but none of them rules the case now at bar because it is *specifically provided* in the present policy that it "shall be incontestable after it has been in force, during the lifetime of the insured, for a period of one year from its date of issue." It was expressly stated both in the Feierman and Cohen cases that the presence of such a provision in the clause would raise a "different question." In the Feierman case our Supreme Court said, at page 509: "Had the policy read, two years from the date thereof, 'provided the insured does not die within the two years,' a different question would be presented." It is important to note that although this is a policy of industrial insurance the incontestability clause in the present case is in accordance, except as to the period of time, with the provision for a uniform incontestable clause contained in "The Insurance Company Law of 1921," P. L. 682. Paragraph (c) of Section 410, P. L. 721, 40 PS §510, relating to "Uniform Policy Provisions" reads: "A provision that the policy shall be incontestable after it has been in force, during the lifetime of the insured, two years from its date of issue, except for non-payment of premiums and for engaging in military or naval service in time of war without the consent in writing, of an executive officer of the company."

Referring in the Cohen case to this provision we said, at pages 322 and 323: "This provision has been in the law of this state for thirteen years. Had appellant so desired, it could have incorporated the provision in its policy, and thus made its position clear beyond argument. It seems that the legislature considered it necessary to add the words 'during the lifetime of the insured' as a qualification to the words 'in force'."

There does not seem to be any ambiguity in the clause relied upon by appellant. The provision, "during the lifetime of the insured," clearly modifies and qualifies the phrases "in force" and "for a period of one year." We think the company agreed by this clause of its policy that it would not contest its liability, upon any ground other than non-payment of premiums or misstatement of age, after a period of one year had elapsed from its date of issue, provided the insured did not die within that year. Evidently, one of the objects sought to be attained by the insertion of the clause was the protection of the company from imposition by persons who might procure insurance by concealing ill health of such a serious nature as to cause death within a year.

Another method of approach to the question here involved is to inquire when the parties intended the incontestable feature of this policy should become operative. If the clause had been couched in the general language of those considered in the Cohen and Feierman cases, we would hold that it began to run on the date of issue and that the death of the insured during the contestable period did not affect its operation or relieve the company from the duty of contesting its liability within the prescribed contestable period.

Here, however, the words "during the lifetime of the insured" were intended to have some meaning. We think the common sense construction of the clause is that the company said to the insured, if you live for a period of one year after the policy has issued we will not, after the expiration of that year, contest our lia-

bility upon any ground except non-payment of premiums or misstatement of your age. As the insured did not live for one year after the date of issue, it follows that the incontestability provision never became or could become effective in this case.

We do not agree with some of the reasons assigned by the court below in support of its order, but are of opinion that the defendant insurance company is entitled to contest its liability upon the grounds set forth in its affidavit of defense. The assignment of error to the order of September 19, 1939, discharging appellant's rule for judgment in her favor and granting her fifteen days within which to reply upon the merits, is accordingly overruled.

Order affirmed.