## New York Life Insurance Co. *v.* Del Bianco, Appellant.

Argued November 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Samuel J. Goldstein,* with him *Chas. G. Notari,* for appellant.

*Alexander Black, Jr.,* with him *Smith, Buchanan & Ingersoll,* for appellee.

OPINION BY ARNOLD, J., January 8, 1948:

The plaintiff issued to Oscar Del Bianco its policy of insurance upon his life, dated, effectively, January 4, 1944,[1] payable to Mercedes Del Bianco, his wife, the defendant herein. One of the clauses of the policy was the following: "Incontestability. This Policy shall be incontestable after two years from its date of issue except for nonpayment of premium . . ."—i. e., after January 4, 1946.

The insured died December 10, 1945, survived by his beneficiary, the present defendant, who filed the usual proofs of death with the plaintiff.

Within the two year contestability period, and on January 3, 1946, the insurer began the present action in equity, by the issuance of a summons which was served on January 4, 1946. The plaintiff strictly complied with the Act of June 5, 1915, P. L. 847 (12 PS §1223), and filed its bill in equity on January 14, 1946, within ten days after the issuance of the writ. Prior to the Act of 1915 an equity action in Pennsylvania was commenced only by the filing of the bill. Following the Act of 1915 the Supreme Court of Pennsylvania amended Rules Nos. 26, 27, 28, 31 and 57 to conform to the statute.

The plaintiff's bill sought to rescind the policy on the ground of fraud and misrepresentations by the in-

---

[1] It is unnecessary to pass upon the question of whether the incontestability clause in the instant case ran from the effective date of the policy, January 4, 1944, or from February 8, 1944, the date of its testimonium clause.

sured in his application for the insurance. Upon preliminary objections to the bill being overruled, the defendant filed an answer, the case was heard on its merits, and the court below made appropriate findings of fact resulting in a nisi and a final decree. The findings of fact are not challenged by the appellant, and indeed could not be, because it was clearly shown that the insured was guilty of misrepresentations and concealments in his application, and that these were fraudulently made, with knowledge of their falsity, in order to induce the plaintiff to issue the policy.

On this appeal the defendant-appellant raises only a single question: Did the issuance of the naked summons in equity constitute a contest in court as to these fraudulent representations, or was the contest initiated only upon the filing of the bill? If the latter, it was, of course, too late and not within the contestability period of two years.

The leading case is *Killian v. Metropolitan Life Insurance Co.*, 166 N. E. 798, in which Chief Justice CARDOZO of the Court of Appeals of New York was the opinion writer, and from which, in *Prudential Insurance Company of America v. Ptohides*, 122 Pa. Superior Ct. 469, 477, 186 A. 386, we adopted the following language: " 'A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled. . . . For present purposes it is enough to say that a contest begins when the contestants, satisfied no longer with minatory gestures, are at grips with each other in the arena of the fight. When the fight is a civil controversy, the arena is the court.' " At the time of the

rendition of the *Killian* opinion New York had a statute similar to our Act of 1915 in regard to the issuance of a summons in a case sounding in equity. In *New York Life Insurance Co. v. Dickler,* 238 N. Y. S. 684, the plaintiff issued a summons two days before the expiration of the contestability period, but after its expiration filed a complaint, and it was held that the contest was timely.

The incontestability clause resembles a statute of limitations, and a multitude of decisions in Pennsylvania hold that the statute is tolled by the issuance of the initial writ, without a pleading. So, too, where there is a contractual limitation in the policy requiring the insured to take action within a specified time, the issuance of a summons, without a pleading, is a compliance: *Ledonne v. Commerce Insurance Co.,* 307 Pa. 1, 160 A. 612, a fire insurance case.

It therefore follows that the insurer's contest to avoid the policy was begun by it within the contestability period by the issuance of a summons in equity, where, as here, its bill was filed within the statutory ten days.

Decree affirmed, appellant to pay the costs.