Prudential Insurance Company of America *v.* Himelfarb, Exrx., Appellant, et al.

Argued April 12, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Sabato M. Bendiner,* with him *Hugh Bonner* and *Morris H. Fussell,* for appellant.

*Kendall H. Shoyer*, with him *William K. Rhodes, Emanuel G. Weiss* and *Shoyer & Rosenberger*, for appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1949:

This appeal brings on for review the lower court's refusal of the defendant fiduciary's petition, under the Act of March 5, 1925, P. L. 23, 12 PS §672, questioning the court's jurisdiction of the petitioner.

On July 17, 1946, the Prudential Insurance Company of America filed its bill in equity in the court below (Common Pleas of Delaware County) seeking to cancel a policy of insurance on the life of Frank Himelfarb. The beneficiary named in the policy was one Israel Rosenblum, a business partner of Himelfarb, their place of business being in the City of Philadelphia. The ground assigned for the cancellation was alleged fraud on Himelfarb's part in his procurement of the policy which he took out on July 26, 1944. By its terms, the policy was to become incontestable at the expiration of two years from the date of its issuance. Rosenblum was duly served with the bill of complaint and, as to him, a decree *pro confesso* was entered on January 19, 1948. Two attempts to serve Himelfarb also were made timely, but each of such services was later set aside by the court as being legally ineffectual; they are in no way presently involved. No valid service on Himelfarb was ever had.

Shortly after the bill was filed, Himelfarb moved to Florida where he resided continuously until his death on March 24, 1947. On September 22, 1947, the probate court of Dade County, Florida, granted letters testamentary on his estate to his widow, Jean Himelfarb, who later moved to Philadelphia. On June 24, 1948, she applied for, and received from the Register of Wills of Philadelphia County, ancillary letters testamentary on the estate of her deceased husband.

In due course, a suggestion of Himelfarb's death was filed of record in the equity proceeding in Delaware County together with averments of the identity of his executrix and the granting of the ancillary letters; and, on August 19, 1948, upon motion of plaintiff's counsel, the court below substituted of record Jean Himelfarb, ancillary executrix of the estate of Frank Himelfarb, deceased, as party defendant in the equity proceeding in the place and stead of the decedent. A copy of the bill of complaint, amended accordingly, was thereafter personally served on Jean Himelfarb in Delaware County. She then filed the petition, here involved, questioning the jurisdiction of the court, as already stated. The ground of the petitioner's attack is that she was not served with process in accordance with the provisions of Section 35 (g) of the Act of June 7, 1917, P. L. 447, 20 PS §777, which she contends is the applicable law. The court below dismissed the petition; and, the executrix has appealed pursuant to the authority conferred by Section 1 of the Act of 1925, supra.

The appellant maintains that the Act of 1917, supra, provides an exclusive procedure for substituting the personal representative of a deceased party litigant by means of a writ of *scire facias* calling upon the intended substitute to appear, etc. There is no question that that procedure was not followed in the present instance. The substitution here was made in the manner provided by Rule 57 of our Equity Rules which, in material part, reads as follows: "Whenever, by reason of death, transfer of interests, or otherwise, other persons should be made parties to a proceeding in equity, a bill of revivor shall not be filed, but the facts may be averred of record, and if the parties added or substituted do not voluntarily appear, they may be summoned by a writ, or by service of the amended pleadings upon them, and required to answer in the same way and manner, and

subject to the same penalties, as the original parties to the suit; . . ."

The appellant asserts that the court below construed Rule 57 as suspending the Act of 1917 and argues that, inasmuch as the rule was promulgated prior to the passage of the Act of June 21, 1937, P. L. 1982, 17 PS §61, which enhanced the effect of this Court's rule-making power, it was incapable of suspending an act of the legislature. In that view the appellant is mistaken. In the first place, the learned court below did not hold that Rule 57 suspended the Act of 1917 but, rather, that it gave an alternate procedure for substituting the personal representative of a deceased party "when an action is pursued in equity on the equity side of the Court." In the second place, there is nothing either intrinsic or extrinsic to the Act of 1917 to warrant the appellant's assertion that it was intended to furnish an exclusive procedure for substituting adversely the personal representative of a deceased party to a suit. And, in the third place, even if the legislature had so intended and even if Rule 57 actually effects a partial suspension of the Act of 1917, such has been the competent scope of the rule subsequent to the Act of 1937, supra. Since the passage of that Act, all extant Equity Rules (including Rule 57) have either been reaffirmed or republished or have been newly promulgated. Consequently, by virtue of the Act of 1937, all of such rules are capable of working the suspension of acts of assembly. None is to be differentiated and restricted because it was originally promulgated prior to the Act of 1937. Even in that earlier time, the Equity Rules promulgated under the Act of June 16, 1836, P. L. 784, had the force and effect of statutes, as this Court had occasion to note a number of times: *Colflesh v. Provident Trust Company*, 317 Pa. 46, 48, 176 A. 433; *Wanamaker v. Wanamaker*, 315 Pa. 229, 232, 172 A. 846; *Baur v. Wilkes-Barre Light Co.*, 259 Pa. 117,

121, 102 A. 430; *Barlott v. Forney*, 187 Pa. 301, 304, 41 A. 47; *Cassidy v. Knapp*, 167 Pa. 305, 307, 31 A. 638. Of course, it was not until the enactment of the Act of 1937, supra, that such rules became capable of suspending the effect of existing statutes. It follows, therefore, that the procedure prescribed by Equity Rule 57 was available for the substitution of the defendant fiduciary in the proceeding below and it appears, furthermore, that the substitution was made in compliance with the provisions of the rule.

A further question raised by the appellant is whether a suit or action can be considered pending so as to admit of the substitution of the personal representatives of a deceased party where such party was not effectively served with relevant process in his lifetime. In *Machette's Administrator v. Cuyler's Administratrix*, 9 W. N. C. 471, 472, in a *per curiam* opinion, it was said for this Court that, in order for an action to be pending as to a deceased defendant, he must have been served with process in his lifetime. That case was concerned with the substitution of the personal representatives of a deceased defendant under the Act of February 24, 1834, P. L. 73, whose Sections 26 and 27 are substantially the same as Section 35 (f) and 35 (g) of the successor Act of 1917. But, the value of the *Machette* case as a precedent was largely dissipated by the qualification annexed that,—"It is not necessary to say what would have been the case if there had been ordinary diligence to effect service on the original defendant." As the facts plainly reveal, the plaintiff in the instant case could hardly have exercised greater diligence to that end. But, in any event, in the view we take of the matter, the suit was pending from the time of its commencement regardless of service on the defendant: See *In re Connaway as Receiver of the Moscow National Bank*, 178 U. S. 421, 427-428, a case involving Section 955 of the Revised Statutes under which "an executor

or administrator of 'plaintiff or petitioner or defendant in any suit in any court of the United States,' may be made a party by 'scire facias served from the office of the clerk of the court where the suit is pending'." See also 1 Am. Jur., p. 107, §163, and cases there cited. Where the cause of action does not abate upon the death of the unserved defendant, the plaintiff does not gain any additional substantive right by the substitution of the personal representatives of the deceased party. Here, the mere filing of the bill tolled the running of the contestable period under the policy: *Feierman v. Eureka Life Insurance Co.*, 279 Pa. 507, 509, 124 A. 171; and, Himelfarb's death concluded nothing with respect to the matter in suit. There is no reason, either legal or factual, why his personal representative should not have been substituted under Rule 57.

Decree affirmed at appellant's costs.