**PROVIDENT NATIONAL BANK, Testamentary Trustee under the Last Will and Testament of James A. Lefton, Plaintiff,**

**v.**

**CONTINENTAL ASSURANCE COMPANY, Defendant.**

**Civ. A. No. 71–2649.**

United States District Court, E. D. Pennsylvania.

May 9, 1972.

Murray I. Blackman, Kleinbard, Bell & Brecker, Philadelphia, Pa., for plaintiff.

Joseph G. Manta, LaBrum & Doak, Edward B. Broderick, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

VanARTSDALEN, District Judge.

Plaintiff, as testamentary trustee, under the Last Will and Testament of James A. Lefton, has filed a motion for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This court has diversity jurisdiction and Pennsylvania law is applicable. All of the facts necessary for determination are contained in the pleadings. The only issue remaining is a question of law, and a judgment on the pleadings is appropriate. The undisputed facts are as follows and will be considered as findings of fact to the extent that such may be necessary under Rule 12(c), Federal Rules of Civil Procedure.

On November 1, 1969, defendant, for a valuable consideration, executed and delivered to James A. Lefton, a member of the American Marketing Association, a life insurance policy under Certificate of Insurance issued under the terms of Group Life Insurance Policy No. L29775, insuring members of the American Marketing Association. The face amount of the policy was $40,000.00.

The insurance policy in question under Paragraph 17, General Provisions, contains the following language:

"This Policy shall be incontestable after two (2) years from its date of issue, except for nonpayment of premium. No statement made by any Insured relating to his insurability shall be used in contesting the validity of the insurance under the Policy with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two (2) years during such Insured's lifetime nor unless it is contained in a written instrument signed by such Insured."

James A. Lefton died on February 26, 1971. Defendant, by letter dated July 26, 1971, advised plaintiff that they were denying the claim under this policy. By stipulation of counsel for the purposes of the motion for judgment on the pleadings, the parties agree that "the Continental Assurance Company has begun no lawsuit or litigation seeking to contest the insurance policy herein involved up to the time of the filing of the Complaint in the above captioned matter."

Defendants deny coverage due to an alleged misrepresentation as to the health of Lefton. The effective date of the insurance policy was November 1, 1969. This suit was instituted on November 2, 1971, one day after the two year incontestability clause of Paragraph 17 of the policy became effective. The only issue involved is a question of law as to the meaning of the first sentence of the incontestability clause.

Plaintiff contends that the policy becomes incontestable two years after its effective date unless the insurance company contests the policy by a law suit or affirmative defense in a law suit during a two year period from date of issuance of the policy. Defendants contend that its notice to plaintiff denying liability on the policy within the two-year period is sufficient and that it need not contest

the policy by law suit or affirmative defense to a law suit within two years from date of issuance of the policy.

There are three Pennsylvania Superior Court cases that have considered the present issue and all have construed the exact language of this policy to mean that the insurance company must either file suit or affirmatively defend a law suit brought during the two-year contestability period in order to effectively "contest" the policy.

In Prudential Insurance Co. v. Ptohides, 122 Pa.Super. 469, 186 A. 386 (1936), the "incontestability clause" was quoted as follows: "This policy shall be incontestable after one year from the date of issue, except for nonpayment of premium, . . .." *Id.* at 470–471, 186 A. at 386. The court posed the following question at page 472, 186 A. at page 387: "Second. What kind of action must be taken by the company in order to institute a valid contest of its liability?" In amplification of that question, the court said at page 474, 186 A. at page 388, "In other words, is the contest contemplated by the clause a contest in court, either by the institution, within the time limited, of appropriate proceedings for the surrender and cancellation of the policy, or by making a defense to a suit brought within the period upon the policy?" The court answered this question by saying that appropriate proceedings in a court are essential to a valid contest by the insurer. In the case of Kessler v. National Life & Accident Insurance Company, 124 Pa.Super. 319, 188 A. 377 (1936), the court citing the *Ptohides* case stated:

"In Prudential Insurance Company v. Ptohides, 122 Pa.Super. 469, 186 A. 386, decided July 10, 1936, it was held that the only legally effective way in which an insurer may 'contest' its liability under a policy, upon the ground of fraud in its procurement, is by offensive or defensive proceedings in a court. That is, either by the institution, within the time limited, of appropriate proceedings for cancellation, or by making a defense to a suit

brought within the period upon the policy. It was repeated in that case, citing Feierman v. Eureka Life Ins. Co., 279 Pa. 507, 124 A. 171, and Cohen, et al. v. Metropolitan Life Ins. Co., 112 Pa.Super. 314, 171 A. 106, that the death of the insured during the period of contestability does not affect either the running of that period or the obligation of the insurance company to act within the time specified if it desires to contest its liability."

The case of New York Life Insurance Company v. Del Bianco, 161 Pa.Super. 566, 56 A.2d 319 (1948), affirms the position previously taken by the court in *Ptohides & Kessler, supra.*

In the case of Franklin Life Insurance Company v. Bieniek, 312 F.2d 365 (3rd Cir. 1962), the Third Circuit Court of Appeals considered the aforementioned Pennsylvania Superior Court cases and held them to express the applicable Pennsylvania law with respect to the meaning of the incontestability clause here in question and held that a letter of notice is insufficient. It is abundantly clear that Pennsylvania law requires that the insurer "contest" the policy by either bringing an action or defending an action within the contestability period or be forever barred by the terms of the incontestability clause.

Defendant cites two cases which he contends support his position. There is dicta in the case of Feierman v. Eureka Life Ins. Co., 279 Pa. 507, 124 A. 171 (1924), which can be construed as saying that the incontestability clause such as in this case does not require a "contest" by the legal action, as follows:

"The great weight of authority supports the position that the insurer must at least disavow liability within the contestable period to be relieved, —not necessarily by legal action, but some definite step, specifying the ground of complaint, in such form as to effect a cancellation of the contract. The clause means precisely what its language states: the policy will not be challenged, opposed, or litigated, and

is indisputable after two years. During this period, the company may contest it for any sufficient reason. The incontestable clause is for the benefit of the insurer, in that it induces people to insure in the company, and requires no act of the insured to put it in motion or aid in the discovery of facts on which it may fasten to the insurer's benefit. Therefore insured's death within the time does not stop investigation or relieve of the duty to investigate false representations or other fraudulent circumstances on which the policy is based. The knowledge that false representations have been made must be ascertained within the two years, and, in the same time, the company, by some act, must rescind, cancel or notify the insured or the beneficiary that it will no longer be bound by the policy."

The Pennsylvania Superior Court in Prudential Ins. Co. v. Ptohides, *supra*, clearly distinguished the holding from the dicta in *Feierman*, *supra*, 122 Pa.Super. at 474, 186 A. at 388, by stating: "In view of the question actually involved in that case [Ptohides], this language cannot properly be interpreted as a decision by our Supreme Court that mere notice to an insured, or, in case of his death, to his beneficiary, that the company intends to contest its liability, upon a specified ground, is sufficient." The Superior Court further stated that had the matter come squarely before the State Supreme Court, it would have held that mere notice, in the absence of legal proceedings would be insufficient. In Prudential Ins. Co. v. Himelfarb, 362 Pa. 123, 66 A.2d 257 (1949), the Court held that the filing of a bill in equity to rescind within the period of incontestability, but served thereafter, was sufficient. No State Supreme or Superior Court case has ever held that mere notice, absent a legal proceeding, would avoid the incontestability clause.

Defendant's reliance on the case of Carpentieri v. Metropolitan Life Insurance Company, 138 Pa.Super. 1, 10 A.2d 37 (1939), is factually inapplicable.

The incontestability clause in the *Carpentieri* case is materially different from the language here involved. The relevant part of the clause in *Carpentieri* is as follows: "This Policy shall be incontestable after it has been in force, during the lifetime of the Insured, for a period of one year from its date of Issue, . . . ." *Id.* at 5, 10 A.2d at 38. Naturally, the phrase, "during the lifetime of the insured," modifies the effect of the contestability period; for if an insured dies within one year of the date of the issuance of the policy, the incontestability clause by its terms does not become effective. In *Carpentieri*, the court clearly distinguished the clause and its effect from those in *Feierman*, *Kessler* and *Ptohides*.

For the above reasons, plaintiff's motion for a judgment on the pleadings must be granted.