## PRUDENTIAL INS CO v CAVANAUGH

Ohio Appeals, 1st Dist, Hamilton Co

No 4808.   Decided May 27, 1935

Heintz & Heintz, Cincinnati, for plaintiff in error.

C. Robert Beirne, for defendant in error.

## OPINION

By HAMILTON, J.

We think the law is well settled by ample authority that the Insurance Company may maintain an action in equity to cancel a policy on the ground of fraud, and may do so at any time within the contestable period. Upon the death of the insured within the contestable period, if the insurer desires to contest the policy in court, it must do so within the contestable period; in this case within one year from the date of the issuance of the policies. Had the insurer awaited an action to collect under the policies, the contestable period would have passed, and it would not have had the right to set up the defense of fraud or misrepresentation. It was therefore necessary to file the action within the contestable period. The contestability was continued indefinitely by the commencement of the equitable action in question.

If the Court of Common Pleas was correct in dismissing the petition in the equity action, what effect would that dismissal have on the continuation of the right of contestability? It may be that the filing of the action, although dismissed by the court would preserve the right to contest. This, however, raises a serious question, and it may be that by the dismissal of the action in equity the Insurance Company would be deprived of the right to defend in a law action on the grounds stated. The Insurance Company should not be thus jeopardized in defending the law action on the ground of fraud.

Our conclusion is, therefore, that the

trial court erred in dismissing the action on the motion. Without jeopardizing its position, the trial court, in its discretion, could preserve all the rights of the parties in the two actions. It could, on motion, consolidate the two actions under the statute so authorizing consolidation and decisions thereunder, in which situation all the parties would be protected in their rights. The trial court could and undoubtedly would follow the statute as to priority of the cases without consolidation. The law case is at issue, is ready for trial. Under the statute, the court should hear the law case first, since it is at issue and the equity case is not. While it has the discretion, for good cause shown, to advance one case over another, it would certainly be influenced and guided by the statutory provisions. This would preserve to the executrix the right to the trial by jury, and would in no wise prejudice the Insurance Company in the defense it seeks to make, having filed its action to contest in time.

If the cases were consolidated, the petition in the equity case could be considered as a cross-petition if fraud and misrepresentation were not specifically pleaded in the answer in the law case. **Brady v Palmer. 19 C.C., 687. Taylor v Brick Co. et, 66 Oh St, 360.**

The judgment is reversed, and the cause remanded with instructions to reinstate the petition, and for further proceedings according to law.

ROSS, PJ, and MATTHEWS, J, concur.