# New York Life Insurance Co. v. Thomas et ux.

*Bedford, Jones, McGuigan & Waller*, for plaintiff.
*Henry Thalenfeld* and *E. F. McGovern*, for defendants.

COUGHLIN, J., January 17, 1936.—The plaintiff filed a bill in equity for cancellation of double indemnity and disability benefits contained in a policy upon the life of the defendant Alex Thomas, payable to his wife, Thelma Thomas, as beneficiary. The plaintiff also seeks, by said bill, to enjoin the defendants from proceeding further with an assumpsit action, already instituted by the defendant against the plaintiff, for recovery of disability benefits alleged to be now due under the clauses of the

policy applicable thereto. The plaintiff alleged tender to the defendant of the amount of premium already received on account of said disability and double indemnity benefits.

The defendant has filed preliminary objections, asking that the bill be dismissed, thereby raising two questions: First, the plaintiff should not be permitted to proceed, because it has an adequate remedy at law; second, the plaintiff cannot, almost three years after the issuance of the policy, raise the question of fraud and misrepresentation in the application for insurance, the ground on which cancellation is sought, because of the incontestable clause contained in the policy.

The following are the facts to be taken as true in disposing of the preliminary objections raised by the motion to dismiss: On November 19, 1931, the plaintiff company issued a $5,000 policy in the usual form on the life of the defendant Alex Thomas, payable to his wife, one of the defendants, as beneficiary. The policy further contained provisions for disability and double indemnity benefits. A copy of the policy is attached to the bill, and attached to the policy are the written application and answers made by the insured in consideration of which said policy was issued.

The plaintiff's bill avers false and fraudulent answers upon material matters, and the issuing of this policy upon the strength of the truthfulness of the answers which were, in fact, false and fraudulent.

Written notice was given on September 24, 1934, to the defendants that the plaintiff elected to rescind the provisions contained in the policy for disability and double indemnity benefits, tendering the premiums already received on account thereof, with interest. This notice is alleged to have been given immediately upon discovery of the false and fraudulent misrepresentations. The defendant Alex Thomas, on February 2, 1935, instituted suit in assumpsit for disability benefits allegedly due him. This bill was brought on March 28, 1935.

The insurance policy involved provides for the payment of $5,000 to the wife of the insured, as beneficiary, upon proof of the death of the insured. It further provides double indemnity, to wit, $10,000, where death results from accident, and provides for the payment of a monthly sum upon proof of total and permanent disability.

The second page of the policy, in fine print, deals entirely with the subject of double indemnity and total and permanent disability. Under double indemnity, it defines the conditions under which the same may be recovered by the beneficiary, defining what is meant by accidental death and excluding recovery of double indemnity in cases of self-destruction, whether sane or insane; excluding recovery thereunder in cases where poison is taken or gas inhaled, voluntarily or otherwise; where death grows out of an assault or felony; from war; from riot; insurrection; as a passenger or otherwise in aviation or aeronautics; from infirmity of mind or body; from illness or disease; from bacterial infection other than that occurring in consequence of accidental and external bodily injury, etc.

Under total and permanent disability, the policy sets forth at great length the conditions under which the insured may or may not recover for total and permanent disability, and defines the rights of the insured and the insurer under varying conditions and states of facts.

The policy also contains the following, under the heading "Incontestability":

"This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

It furthermore provides, under the heading "Contract":

"The policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the insured shall, in absence of fraud, be deemed representations and not warranties, and no

statement shall avoid the policy or be used in defense to a claim under it, unless it is contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued," etc.

In the instant case the position of the plaintiff is that it may now, after two years from the issue of said policy, set up, as a defense to double indemnity or total disability, fraud in the application, and by bill in equity have the provisions of the policy in relation thereto declared null and void for the same reason. It is the contention of the defendant that such a defense may not now be set up by the plaintiff by reason of the incontestable clause hereinabove set forth, and that the insurance company, the plaintiff, is limited to defenses that come within that portion of the policy designated double indemnity, or total and permanent disability, hereinabove referred to.

In the final analysis this case involves the interpretation of the incontestability clause. There is no question that the policy is incontestable, in some cases, after two years from its date of issue. The question is what is excepted from its operation. The language involved is "except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits." Are the words "except as to provisions and conditions relating to disability and double indemnity benefits" to be interpreted as meaning the same as "except as to disability and double indemnity benefits"? This is contended for by the plaintiff. This might have been said by the plaintiff, who wrote the contract, thus eliminating ambiguity. Or do the words "except as to provisions and conditions relating to disability and double indemnity benefits" mean the provisions and conditions set forth in the second page of said policy, and hereinabove quoted, excluding the application?

Certainly within two years the insurer may defend as to death benefits, or as to double indemnity, or as to total disability, on fraud contained in the application. After two years, where death benefits are sought, it appears to

be conceded that fraud in the application no longer constitutes a defense. The purpose is to fix a time limit during which the insurer may investigate the truth or falsity of statements made in the application, precluding, after the passage of that time limitation, such defense, perhaps, after the insured has passed on and his mouth closed by death. This is a valuable asset in the policy, making it thereby the more salable by the insurer and assuring to the insured, after the passage of the limitation, contentment and the feeling of security for his beneficiaries.

From the standpoint of salabity by the insurer and its acceptance by the insured, the same reasoning would apply as to double indemnity and as to permanent disability, unless the same is excepted by the contract itself.

The policy, as stated above, provides that the policy and the application constitute the entire contract. Within the two years a defense may be made as to fraud in the application, because it is part of the policy, but the policy also provides that it shall, after two years, be incontestable except for nonpayment of premiums and except as to provisions and conditions relating to disability and double indemnity benefits. The language does not refer to the contract. The language specifically mentions the policy. The policy is the thing that is incontestable. But it still remains contestable in case of death as to failure to pay premiums and it also remains contestable insofar as there are provisions and conditions relating to double indemnity and disability benefits in the policy. This seems to be the rational interpretation of the clause written by the insurer, against whom, and not for whom, the same should be most favorably interpreted in case of ambiguity, if any exists, according to authority.

It would appear that the only meaning that can be drawn from the excepting language above is that the various limitations and conditions, listed under the headings "double indemnity" and "total permanent disability" in the policy, shall not be ruled by the incontestable clause. After two years, where the fact of disability itself is in

controversy, or the fact whether disability took place before the insured reached 60, or whether disability was continuous from the beginning of the period of disability claimed, all these fall within the exclusion, because included in conditions and provisions of the policy. The interpretation above is doubly impressive when it is realized that without the above excepting phrase in the incontestable clause the courts of many States held that the incontestability clause did govern even such defenses: Mayer v. Prudential Insurance Company of America, 22 D. & C. 425 (1935) ; Ness v. Mutual Life Insurance Co., 70 F. (2d) 59; Elwood v. New England Mutual Life Ins. Co., 305 Pa. 505.

To overcome such adverse construction, the insurer might there have employed the aforesaid excepting phrase. Said clause cannot be carried by interpretation beyond the said defenses unless it says so. It might have so stated, but it did not.

The purpose of the incontestability clause is neither to conceal nor to promote fraud. Its purpose is to give a definite period for investigation. It has a further purpose of securing the insured with knowledge that after a certain period the value of the thing the insured has purchased and paid for shall not be questioned. This is true in case of death. That this was to be untrue in case of sickness, by reason of fraud in the application, could very well have been so stated.

There are some apparent conflicts on the point, but the weight seems in favor of the aforesaid construction. Reference is made to Ness v. Mutual Life Insurance Co., supra. Therein the court said:

"The company contends that the effect of the second exception of this clause is to make it inapplicable to the double indemnity and disability provisions of the policy. The contention of the insured, which we think is correct, is that the effect of this exception is merely to preserve the rights of the company under the restrictions and provisions specifically set forth in section 1 and 3 . . . .

"The purpose of the second exception in the incontestability clause was to make clear that, notwithstanding the provisions of that clause, the company reserved the right to rely upon the restrictions and provisions contained in sections 1 and 3. Thus the right was reserved to contest, under section 1, liability for double indemnity in case of suicide or death resulting from military or naval service or from engaging in felony. And the right was reserved to contest, under section 3, claims for disability where due proofs had not been furnished, or where upon request of the company proofs of the continuance of the disability had been refused, or where the disability resulted from self-inflicted injury or from military or naval service beyond the continental limits of the United States and Canada. Under some recent decisions defenses under clauses such as those contained in sections 1 and 3 are held not to be precluded by the incontestability clause (citing cases). But in many jurisdictions it is held that the incontestability clause does preclude a defense based upon such provisions (citing authorities). It was evidently to guard against a construction of the policy holding that the defenses reserved in sections 1 and 3 were precluded by the incontestability clause, that the second exception in that clause was inserted.

"If it had been the intention of the company that the right to contest liability for double indemnity or disability benefits should not be affected by the incontestability clause, it would have been easy enough to use language making that intention clear, as by simply wording the second exception to the incontestability clause to read: 'Except as to liability for double indemnity or disability benefits.' If there were any ambiguity in the language used, it is well settled that it should be resolved in favor of the insured (citing cases). But there is no ambiguity. The incontestability clause was directed at defenses which might be asserted to the policy. The exception which we are considering was clearly intended to except certain defenses from the operation of that clause; and, equally

clearly, the defenses so excepted were those enumerated in the sections to which specific reference was made, i. e., sections 1 and 3. These sections provide the restrictions and provisions under which the promise with respect to double indemnity and disability made in the face of the policy are to be enjoyed. And the second exception in the incontestability clause preserves defenses arising out of these restrictions and provisions against the general effect of the clause. It is to be noted that the exception is, not as to the double indemnity and disability benefits, but as to 'restrictions and provisions applying to the double indemnity and disability benefits'."

In Mutual Life Insurance Company of New York v. Stroehmann et al., 6 Fed. Supp. 953, Judge Watson decided contra, but subsequently, on July 2, 1935, reversed his prior decision, following the Ness case aforesaid. Mutual Life Insurance Co. of New York v. Markowitz et al., 78 F. (2d) 396, was likewise decided on May 13, 1935. See also Thompson v. New York Life Insurance Co., 9 Fed. Supp. 248; New York Life Insurance Co. v. Kaufman et al., 78 F. (2d) 398.

Insured laymen are not to be subjected to hair-splitting reasoning in construing a clause having the plain implications of that in the policy: New York Life Insurance Co. v. Kaufman, supra. In Kiriakides v. Equitable Life Assurance Society of the United States, 177 S. E. 40, the same question was raised under the words, "except as to provisions relating to disability and double indemnity." It is logical to say that the insurance company merely reserved to itself the duty to pay disability after two years, unless the provisions of the disability clauses in the policy were not complied with.

Mutual Life Insurance Co. of New York v. McConnell et ux., 20 D. & C. 250 (1935), contra, is urged. In that case the controlling considerations seem not to have been suggested to the court as they are not dealt with in the opinion. Other earlier cases are likewise urged: New York Life Insurance Co. v. Davis et al., 5 Fed. Supp. 316;

New York Life Insurance Co. v. Gresham, 154 So. 547; Greber v. Equitable Life Assurance Society of the United States, 28 Pac. (2d) 817. We believe these cases can, in many respects, be differentiated from the case at bar, and that the weight of logic and authority favors the construction urged by the defendant. The policy of the law is definitely on the side of a liberal interpretation of the incontestability clause, aside from the remainder of the insurance contract: Cohen et al. v. Metropolitan Life Ins. Co., 112 Pa. Superior Ct. 314.

If an exception in a policy be capable of two interpretations equally reasonable, that must be adopted which is most favorable to the assured, if the language is that of the insurer. On these authorities, after hearing very capable arguments upon both sides, supplemented by excellent briefs, we might readily dismiss the bill on the merits. However, prior to the bill, defendant had already brought suit in the court of common pleas for disability benefits under the policy. If the defense of fraud in the application can now be set up after the lapse of two years, the existence of said fraud is a question of fact for a jury, to a jury trial on which the defendant is constitutionally entitled. The admissibility of evidence of fraud in the application is a matter of law. In the case at bar we believe such evidence would be inadmissible.

If this bill had been brought within two years from the date of issue of the policy, it would have been held, awaiting the outcome of the action before the court of common pleas, but more than two years have elapsed and suit has been started, the continuance of which plaintiff seeks to restrain. If the incontestability clause applies, as we think it does, evidence as to fraud in the application would be excluded. There might still be, however, defenses under the clauses in the policy excepted by the incontestability clause itself from the operation thereof.

The fact that there may be a multiplicity of suits is not controlling in this case. There may be a multiplicity of suits under any contract for disability benefits, and if

fraud in the application is a defense, as it would be in the first two years, to wit, the contestability period, and if found to exist by a jury, that fact becomes res judicata, barring further suits resting upon that issue. But it is to be borne in mind that two years elapsed in the present case after issuing of the policy, during which time neither insured nor insurer started suit of any kind. Equity would have taken jurisdiction on behalf of the insurer had it sought relief during said two years. It would have held a bill to cancel in abeyance until suit was started by the insured. This is dealt with in Feierman v. Eureka Life Insurance Company, 279 Pa. 507 (1924). But the first suit of any kind was brought here by the defendant, seeking disability benefits after the first two years had expired. Subsequent to that the insurer brings this bill in equity.

Testimony upon the fraud in the application being inadmissible, all questions of fact in dispute under the policy may be adjusted in the common-law action. Equity takes jurisdiction within the contestable period only to prevent unjust results following the insurer being compelled to wait for the insured or beneficiary to sue in order to interpose its defense: New York Life Insurance Co. v. Seymour, 45 F. (2d) 47; Killian et al. v. Metropolitan Life Insurance Co., 251 N. Y. 44. The basis for equity's assuming jurisdiction does not exist where the contestable period has run; in such case there is a full, complete and adequate remedy at law: Prudential Insurance Company v. Cavanaugh, 50 Ohio App. 425 (1935).

We are, therefore, of the opinion that this bill should be dismissed, for the reason that all questions of fact, evidence of which is admissible, may be finally and conclusively determined in the action at law now pending.

Bill dismissed. Exception granted to plaintiff.

*Opinion sur exceptions*

COUGHLIN, J., June 23, 1936.—This case came before the court on preliminary objections filed by defendant to

plaintiff's bill in equity. Plaintiff filed this bill in equity for the cancellation of the double indemnity and disability benefits contained in a policy of life insurance issued upon the life of the defendant, Alex Thomas, and payable to his wife, Thelma Thomas, as a beneficiary in case of death. Plaintiff's bill in equity sought perpetually to enjoin defendants from proceeding with an action at law commenced February 2, 1935, and further to enjoin plaintiff from commencing or maintaining any other action for the recovery of double indemnity and disability benefits under said policy. Plaintiff based its right thus to obtain relief from a court in equity by averring fraud upon the part of defendant in the application for said insurance; thus this question of fact would be determined not by a jury but by the court.

The preliminary objections to the bill upon the part of defendant raised two questions: First, the adequacy of plaintiff's remedy at law. Second, the right of plaintiff, three years after the date of the policy, to raise the question of fraud and misrepresentation in the application for insurance where a two-year incontestable clause was a part of the policy appearing therein.

The court having resolved the questions involved in favor of defendant, plaintiff filed exceptions to the opinion, and the same, as a result, came before the court en banc for disposition.

The exceptions are merely that the court erred in the determination of each of the above questions. They are as follows: (1) The court erred in holding that the incontestability clause contained in the insurance policies applies to suits to recover disability benefits; (2) the court erred in holding that plaintiff has an adequate remedy at law. We held, in the opinion filed, that whatever defense the insured had to a claim for disability benefits depended upon the conditions and provisions of the policy itself. This being so, the defense allowable under the policy would and could be properly raised by the insured in an action of assumpsit before the law side of the court.

The terms of the policy provide:

"This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

Under total and permanent disability, the policy sets forth at great length the conditions under which insured may or may not recover for total or permanent disability and defines the rights of the insured and the insurer under varying conditions and states of facts. The two years elapsed. No action was taken by the insurance company. It is agreed, upon both sides, that the policy is incontestable after two years from its date of issue as to death benefits, in litigation to recover the same upon the part of a beneficiary, and all matters in connection with the application would be excluded. The policy contains this exception: "except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits." Clearly, two years having elapsed, the policy is incontestable except on matters covered by this exception. The excepted matters must appear in the policy. The insurance company, after two years have elapsed, therefore, clearly must point to the excepted provisions and conditions of the policy itself upon which it may defend.

Plaintiff's position is that the clause is in no particular ambiguous. With this we agree. We hold, however, that the excepting clause goes no further than the excepting of the provisions and conditions of the policy only. The insured takes the position that, two years having elapsed, the incontestability clause applies, and that the exception goes no further than the policy and does not include the application. With this we agree.

There have been many cases in the various jurisdictions of the country, resulting in a great conflict of decisions, but we feel that those sustaining our view of the contentions, resulting in our original opinion dismissing the bill, are the more convincing in logic and law. It is the

policy that is incontestable, and the exception refers, as we have held, to the provisions of the policy and does not go beyond that. It appears to be conceded that as to death benefits nothing outside of the policy itself (establishment of death; payment of premiums) can be the foundation of a defense as to disability. The excepting clause aforesaid goes no further. It might have; it did not. There is no sound reason why, by judicial interpretation, we should do that which the contract of the parties themselves did not do.

Upon the exceptions filed to the court's opinion dismissing the bill, a new position is now taken, to wit, that since the exceptions except to the provisions and conditions the essential question is not whether the provisions and conditions refer to the ones contained in the policy but what is meant by the word "provisions" as there used. It is the contention of plaintiff that the policy of insurance, being a written contract, consists of promises and conditions, and that the promises and conditions are the provisions of the policy, and that the word "provisions" includes both promises and conditions, and that the promises are the provisions which create liability and the conditions are the provisions that restrict or limit liability. Plaintiff then contends that the promises and conditions relating to disability benefits include the promise to pay the benefits, as well as the conditions imposed on the promise. Plaintiff then goes a step further and claims that the provisions concerning disability would include the promise to pay such benefits as well as the conditions restricting such promises. The use of the word "conditions" relating to disability benefits, it is contended, cannot affect the plain meaning of the word "provisions," and the latter includes the former and is, at most, superfluous.

It is true that in the opinion excepted to a distinction is drawn between the provisions and conditions contained in the policy and those contained in the application, and it is said that the policy is distinguishable, on the one

hand, from the entire contract, on the other. We think this is correct. The provisions and conditions of the policy are the only ground upon which a defense can be made after the expiration of the two years. After the two years death benefits will not be paid if premiums are not paid in accordance with the policy, and after two years disability benefits will not be paid if the provisions and conditions of the policy are not complied with. After the two-year incontestable period, to bring himself into the class entitling recovery, an insured seeking so to do must show the payment of premiums, in case of death benefits, and, in case of disability, that the provisions and conditions of the policy are complied with. Beyond these provisions and conditions of the policy itself there can be no defense.

What are these provisions and conditions, which are synonymous, of the policy itself? We refer but to the first several in the policy itself, although there are many:

"Upon receipt by the company at its home office of due proof, as hereinafter provided, that the insured has become totally disabled by bodily injury or disease so that he is and will be thereby wholly prevented from performing any work, following any occupation or engaging in any business for remuneration or profit, and that such disability has already continued uninterruptedly for a period of at least four months (such total disability of such duration being presumed to be permanent only for the purpose of determining liability hereunder), and provided that:

"(1) Such total disability began before default in payment of premium (or, in event of default, not later than the last day of grace)."

Certainly the insured would have a right hereunder to defend for the nonpayment of premiums in accordance with the policy quoted, as aforesaid. We quote further:

"(2) Such total disability began before the anniversary of the policy on which the insured's age at nearest birthday is 60, and prior to the maturity of this policy."

It is obvious that this is one of the provisions and conditions of the policy itself and that the insured may defend on the subject of age as hereinabove quoted. We quote further:

"(3) Such total disability did not arise from bodily injury or disease occurring before the insurance under this policy took effect, and known to the insured, but not disclosed in the application for the insurance under this policy."

Here again is a provision or condition of the policy itself and defense may be made thereto as fully as may the insured defend upon the next provision or condition. This is: "(4) Such total disability has been continuous from the beginning of the period of disability claimed."

This does not direct the application into the scope of the exception, but does permit of a defense in accordance with the terms of the policy. Fraud in the application would be ground for moving in equity in the first two years, but after the expiration of the two years defense may be made in accordance with the provisions and conditions of the policy itself, the clause (3) above is one of those provisions and conditions, and the insured may, by the very terms of its contract, defend in accordance with said terms.

We see no reason, therefore, to change our opinion in dismissing the bill in equity. Any defense under the provisions and conditions of the policy above quoted may be set up in the action of law now pending or any subsequent action at law. They are a matter of defense. The defense may be met by showing that the fact defended upon did not exist, or that that fact, if it did exist, was fully known to the company by reason of its disclosure in the application. It seems obvious, therefore, that the application is not drawn into the scope of conditions and provisions of the policy, as we heretofore decided, and that the application now has no bearing except as it may meet the disclosure of a fact now claimed to exist as a defense set up

under the provisions and conditions of the policy, which are clearly set forth and which can be read by anyone.

More than two years have elapsed. Suit has been started to recover for disability benefits. It should proceed. Defense thereto must be limited to the provisions and conditions of the policy itself. Those provisions and conditions are, in part, hereinabove quoted. We are still of the opinion that equity cannot now intervene to accomplish cancellation on any allegation of fraud, but that the rights of the parties must be determined in the action of assumpsit now before this court.

Therefore the exceptions are dismissed and the decree heretofore entered is affirmed as a final decree. Exceptions to said decree are allowed to plaintiff.